## Carr *v.* Rochester Tumbler Company, Appellant.

*Corporations—Sale of corporate property—Stockholders.*

Where at a stockholders' meeting of a corporation, a plan in writing for the sale of the corporate property to another corporation, partly for cash and partly for stock, is presented, explained, discussed and unanimously approved, and at a subsequent stockholders' meeting the officers are authorized " to complete the sale," and thereafter a deed for the property to the other company is executed by the officers, a stockholder who was present at the first stockholders' meeting is bound by the action of that meeting and the subsequent acts of the officers, and cannot refuse to accept the stock of the other company in part payment for his shares.

Argued Oct. 20, 1903. Appeal, No. 88, Oct. T., 1903, by defendant, from decree of C. P. Beaver Co., Dec. T., 1901, No. 10, on bill in equity in case of Robert Carr v. Rochester Tumbler Company and the National Glass Company. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Reversed.

Bill in equity for an account. Before MILLER, P. J.

The facts are stated in the opinion of the Supreme Court.

The court entered a decree directing that the Rochester Tumbler Company should pay the plaintiff in cash the value of his stock in said company at the date of the sale of the

company's property to the National Glass Company on October 30, 1899, being, with interest, the sum of $12,824.80.

*Error assigned* was the decree of the court.

*J. F. Reed*, with him *Reed, Smith, Shaw & Beal*, for appellant.—Plaintiff was present at the meeting of July 12, 1899, authorizing the sale from the tumbler company to the glass company, and had knowledge of the whole transaction, and not dissenting, cannot now set aside the sale, or have an accounting for the value of his stock in this proceeding : In re Lincoln Market Co., 190 Pa. 124 ; Lauman v. Lebanon Val. R. R. Co., 30 Pa. 42 ; Watts's App., 78 Pa. 370.

Plaintiff stood by and saw the distribution of the proceeds of this sale in kind, and the other assets of the tumbler company, among the stockholders of the tumbler company, and is estopped, and is bound to take his share of the proceeds of this sale in kind : Leaming v. Wise, 73 Pa. 173 ; In re Mutual Benefit Co. of Pa., 190 Pa. 355 ; Morgan v. McKee, 77 Pa. 228 ; Howard v. Turner, 155 Pa. 349 ; Grymes v. Sanders, 93 U. S. 55.

*W. H. S. Thompson*, with him *James H. Cunningham, A. P. Marshall* and *Frank Thompson*, for appellee.—There is no estoppel of plaintiff : Eldred v. Hazlett's Administrator, 33 Pa. 307 ; Waters's App., 35 Pa. 523 ; Com. v. Moltz, 10 Pa. 527 ; Crest v. Jack, 3 Watts, 238 ; Hill v. Epley, 31 Pa. 331.

OPINION BY MR. JUSTICE MESTREZAT, January 4, 1904 :

The right of the plaintiff, the appellee, to a decree in his favor depends upon the effect to be given the meeting of the stockholders of the Rochester Tumbler Company held at the company's office on July 12, 1899. We are of opinion that the presence of the appellee at that meeting and his participation in, and assent to, the action there taken relative to the sale and transfer of the property, etc., of the tumbler company to the National Glass Company is a complete defense to this proceeding and that the plaintiff's bill should have been dismissed.

It is conceded by the parties to this litigation that a majority of the stockholders may, by proper corporate action, sell and dispose of the property of the corporation. And it is

true, and we do not know that the appellant disputes it, that a dissenting stockholder cannot be compelled to take anything but cash for his interest on the sale of the corporate property. If, however, he is one of the stockholders present and participating in, and assenting to, the action of the majority in authorizing a sale and transfer of the property, he cannot thereafter repudiate the terms on which the sale was authorized and made, and decline to accept payment for his stock in accordance with the conditions of sale. The contention here is that the plaintiff did not consent to the sale of the property of the tumbler company and hence he cannot be compelled to accept in payment of his interest the stock of the National Glass Company.

The fourth finding of fact by the trial judge which, we think, is supported by the evidence, is as follows : " That upon July 12, 1899, there was a meeting of the stockholders of the Rochester Tumbler Company held at its office in Rochester, which was called to consider a proposition to sell the glass works of the said Rochester Tumbler Company to the National Glass Company, for a price to be paid part in cash and part in the stock of the National Glass Company. At this meeting H. C. Fry, the president of the Rochester Tumbler Company, read from a typewritten paper to the stockholders present, a proposition for the sale of the said plant, and explained the same. The proposition so submitted was approved of by the stockholders. At this meeting Robert Carr, the plaintiff, was present when the proposition was submitted and explained, and voted on, and when the vote was taken relative to the said proposition, there was no vote recorded against it." The learned trial judge also found in answer to requests for findings of fact that at this meeting " a resolution was passed approving a sale for a price to be determined by appraisement, part in cash and part in stock of the National Glass Company to be issued thereafter," and further, " that it was understood and agreed by the stockholders of the Rochester Tumbler Company present at the meetings of July 12, 1899, and September 9, 1899, that they were to take the stock of the National Glass Company in proportion to their stock in the Rochester Tumbler Company."

Notwithstanding these facts, the trial judge found that the

written agreement for the sale and transfer of the principal property of the tumbler company to the National Glass Company was entered into by the direction of the stockholders' meeting held September 9, 1899. We do not agree with that finding. It is clear, we think, from the minutes of the two meetings that the sale was authorized by the meeting of the stockholders held on July 12, 1899. At the meeting in the following September, the only action taken relative to the sale, as shown by the minutes, was to authorize the officers " to complete sale to National Glass Company." At the July meeting at which the plaintiff was present, the president " read from a typewritten paper to the stockholders present, a proposition for the sale of the said plant and explained the same." We are satisfied from the evidence that this paper was in substance the contract of sale subsequently executed by the tumbler company. This is the positive testimony of Mr. Fry, the president of the company, who read and explained it, and he is corroborated by other evidence in the case. This should have been found by the trial judge and must be taken as a fact in the case.

It is not controverted, and the minutes of the July meeting show, that the proposed agreement of sale, designated by the court as "a typewritten paper," was fully explained and discussed at that meeting. This was in the presence of the plaintiff and, so far as the minutes disclose, he expressed no dissent from, nor dissatisfaction with, its terms. On the contrary the minutes, as well as the evidence of the witnesses, show that " the plan outlined by the president and the arrangement entered into" were unanimously approved. This action fully authorized the sale which was subsequently carried into execution by the president of the company. In fact the minutes of the later meetings of the stockholders disclose no action granting authority to make a sale of the principal property of the tumbler company but simply authority to complete the sale as previously authorized. The meeting of September 9, 1899, was an annual meeting and the only action relative to the sale of the corporate property was the adoption of a motion that " the present officers of the company were to continue until the next meeting and were authorized to complete sale to National Glass Company." The meeting of March 18, 1901, authorized the sale of the remaining assets of the company.

The execution and delivery of the deed were merely the consummation of the sale which was authorized at the July meeting. Nor can the objections to the consummation of the sale made by the plaintiff subsequent to the July meeting avail him. Having been present at the stockholders meeting and given his assent to the proceedings authorizing the sale of the corporate property, he is not in a position thereafter to deny the validity of the sale made in compliance with the terms agreed upon at the meeting. He should therefore accept the stock of the National Glass Company in payment of his interest in the property of the Rochester Tumbler Company sold in pursuance of the authority given at the stockholders meeting on July 12, 1899.

For the reasons stated, the decree of the court below is reversed and the bill dismissed at the costs of the appellee.