# Commonwealth ex rel. *v.* The Lumber City Water Company, Appellant.

*Water companies—Sale of property and franchises—Dissolution— Act of April* 17, 1876, *sec.* 5, *P. L.* 30.

Where a water company sells and by proper deed conveys all of its franchises and property to another company, the selling company ceases to exist by the very terms of the Act of April 17, 1876, sec. 5, P. L. 30.

Argued May 3, 1909. Appeal, No. 163, Jan. T., 1908, by defendant, from order of C. P. Potter Co., Dec. T., 1901, No. 14, dismissing exceptions to report of referee in case of Commonwealth ex rel. v. The Lumber City Water Company. Before BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Quo warranto to determine corporate existence.

The opinion of the Supreme Court states the case.

David Cameron, Esq., referee, filed the following conclusions of law:

1. The Act of June 14, 1836, P. L. 621, sec. 2, clause 5, gives the court of common pleas of Potter county jurisdiction of this case.

2. The relinquishment of possession and abandonment of all its water lines, property, franchises, etc., and the discontinuance of furnishing water, as provided for in its charter, from the date of the deed, June 9, 1898, to June 25, 1905, when its vendee was ousted and its charter forfeited, is a nonuser and abandonment for which judgment of ouster should be entered and the charter of the defendant company forfeited.

3. The act of 1876 is not self-acting, but when quo warranto proceedings are instituted against a water company, incorporated under the act of 1874, and the fact is found that the said water company has disposed of and conveyed all its property, real, personal and mixed, to a like corporation, judgment of ouster must be rendered in such case to meet and carry out the mandates of the legislation.

4. The act of 1876 applies to the defendant company, and having found the fact to be that it had sold, assigned and conveyed to the Potter County Water Company, a like corporation, organized for the same purpose as the defendant company, its franchises and all its property, real, personal and mixed, before these proceedings were instituted, and having further found that it is now seeking to do business under its charter, judgment of ouster should be rendered against it.

And now, March 15, 1907, it is adjudged and decreed that the defendant, the Lumber City Water Company, has no right to have and use the rights, powers, liberties and privileges of a water company under the laws of the commonwealth of Pennsylvania, or any of the rights, liberties and franchises conferred by act of assembly, or by the charter issued to said company on October 23, 1890; and that the said defendant, the Lumber City Water Company, be ousted and altogether excluded of and from the said rights, powers, liberties or fran-

chises conferred by said charter and act of assembly, and it is ordered that a perpetual injunction issue restraining the said defendant, its officers, agents, servants and employees from exercising any of the rights, powers and privileges of a water company, or any of the rights, liberties or franchises conferred by act of assembly or the charter above named. And it is further adjudged that the defendant pay all costs.

Exceptions to the report of the referee were dismissed by the court.

*Errors assigned* were in dismissing the exceptions and in entering the decree recommended by the referee.

*Walter Lyon*, of *Lyon & Hunter*, with him *W. K. Swetland*, for appellant.

*W. I. Lewis*, with him *F. E. Baldwin, Archibald F. Jones* and *R. R. Lewis*, for appellee.

PER CURIAM, June 22, 1909:

On or about June 9, 1898, the Lumber City Water Company executed and some time thereafter delivered to the Potter County Water Company, a similar corporation, a deed for all of its franchises and property, real, personal and mixed. That the sale was made to the Potter County Water Company is admitted in the answer, and there is nothing to show that it was not in all respects valid or that any statutory requirement had not been complied with. The following findings of fact are not assigned as error: "On or about the ninth day of June, 1898, the defendant company executed, and some time thereafter, but before the commencement of this action, delivered to the Potter County Water Company, a like corporation, incorporated for the same purpose, a deed conveying to the said Potter County Water Company, its successors and assigns, all of its (the said defendant company's) water works, pipes, mains, hydrants, and all franchises, contracts, bills, claims and all property, real, personal and mixed. Immediately upon the execution of the said deed, the defendant

company relinquished possession of and abandoned all its water lines, reservoirs and franchises, and ceased to operate any water lines and ceased and discontinued the furnishing of water. The Potter County Water Company took immediate possession of and operated the water system of the defendant company (claiming to own the same by virtue of said deed) and continued to hold the same and to have and enjoy all the property, rights, franchises and privileges of the defendant company, and all its property, real, personal and mixed, until the judgment of ouster was entered against it by the court of common pleas of Potter county and an injunction was issued against it by the said court."

By the sale everything that belonged to the Lumber City Water Company became vested in the Potter County Water Company: Hey v. Springfield Water Co., 207 Pa. 38; and the Act of April 17, 1876, P. L. 30, sec. 5, which authorized the sale, provides that when it was made the selling corporation ceased to exist. The words of the act are, that after such a sale the corporation making it "shall cease to exist." There is no room for doubt as to the effect of the sale in this case, for it is plainly stated in the act. After the Lumber City Water Company made the sale it ceased to exist, and it is hypercriticism on the part of those having charge of the corpse of the company to say that its existence is now admitted by the commonwealth in this proceeding to have a judicial declaration that, by the words of the statute, it died when it sold all that it possessed. The judgment is affirmed on the legal conclusions of the learned referee.