# Greensburg Borough, Appellant, *v.* Westmoreland Water Company.

*Water companies—Purchase of rights and franchises of other
companies—Boroughs—Right to purchase property of water com-
pany—Equity—Injunction—Corporations.*

1. Under the Act of April 17, 1876, P. L. 30, amending the Act
of April 29, 1874, P. L. 73, it is lawful for any corporation, created
under the Act of 1874, to sell, assign, dispose of and convey to any
other corporation created under said act, its franchises and all its
property, real, personal and mixed. This act is express legisla-
tive authority for one water company to purchase the franchises
and property of another.

2. The purchasing company in such case must exercise the
franchises and discharge the public obligations imposed upon the
several companies whose properties and franchises are purchased
by it. It cannot be contended, therefore, that it is acquiring prop-
erty in excess of that required for the purposes of its organiza-
tion and business, on the theory that its functions must be limited
to the territory originally covered by its charter.

3. The purchase by a water company of the franchises and property of other companies serving other municipalities, does not affect the status of the works and property which a borough, in which the original company is located, has a right to acquire at the net cost of erecting and maintaining the same, with interest at the rate of ten per cent. per annum, deducting dividends theretofore declared. The fact that the water company owns property outside of the borough is not material, if the borough chooses to purchase the property located in the borough under the act of assembly.

4. Where a water company is proposing to purchase the franchises and properties of eight other companies, serving other municipalities in the same neighborhood, equity will not restrain the consummation of the proposed purchase, at the suit of the borough in which the original water company is located, either on the ground of lack of corporate power to make the purchase, or because of alleged inconvenience which would be occasioned to the borough if it should elect to purchase the property of the purchasing company at some time in the future, especially where it had not as yet indicated any intention of making such purchase.

Argued March 31, 1913. Appeal, No. 38, Oct. T., 1913, by plaintiff, from decree of C. P. Westmoreland Co., No. 821, In Equity, sustaining demurrer and dismissing bill in case of The Borough of Greensburg v. Westmoreland Water Company. Before FELL, C. J., POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Bill in equity to restrain water company from purchasing property and franchises of certain other water companies and from increasing its capital stock and indebtedness.

REED, P. J., specially presiding, filed the following opinion:

The Borough of Greensburg filed an injunction bill against the Westmoreland Water Company of Unity Township at No. 820 Equity, also against the Westmoreland Water Company at No. 821 Equity, and against the Westmoreland Water Company of Greensburg Borough, at No. 822 Equity. Demurrers were filed to these

several bills of complaint, and the cases were argued together and will be disposed of by this opinion filed at No. 821 Equity. The borough seeks to restrain the Westmoreland Water Company from purchasing the property and franchises of the other two water companies and from increasing its capital stock and indebtedness for that purpose, and also to restrain the other companies from selling their property and franchises to the Westmoreland Water Company.

The Westmoreland Water Company of Greensburg Borough was incorporated in 1886, having for its purpose the supplying of water to the public within the Borough of Greensburg. The original name and style of the Westmoreland Water Company was "The Westmoreland Water Company of Ludwick Borough." This company was incorporated in 1886, having for its purpose the supplying of water to the public within the limits of that municipality. In 1905 the Borough of Ludwick was annexed to and became the Sixth Ward of the Borough of Greensburg. The Westmoreland Water Company of Unity Township was incorporated in 1887, having for its purpose the supplying of water to the public within the Township of Unity. It appeared in argument, although not set forth in any of the bills filed, that Hempfield Township intervenes between Unity Township and Greensburg Borough; that the water supply for Greensburg Borough is obtained from the reservoirs of the Westmoreland Water Company of Unity Township, located in that township, which in the first instance is supplied to the Westmoreland Water Company of Hempfield Township at the division line between Unity and Hempfield Townships, and is then supplied by the Westmoreland Water Company of Hempfield Township to the Westmoreland Water Company of Greensburg Borough at the division line between Hempfield Township and Greensburg Borough. It is not entirely clear to me—and this question was not elucidated on the argument—what legal or equitable

right the Borough of Greensburg has to question the proposed sale by the Westmoreland Water Company of Unity Township of its property and franchises to the Westmoreland Water Company; but this, perhaps, is not material, since if the Westmoreland Company cannot purchase the proposed sale would fail.

The complaint made by the Borough of Greensburg is that it has a present right, by virtue of the act of assembly under which the Westmoreland Water Company and the Westmoreland Water Company of Greensburg Borough were incorporated, to purchase the works and property of these two water companies by paying therefor the net cost of erecting and maintaining the same, with interest thereon at the rate of ten per centum per annum, deducting from said interest all dividends theretofore declared; and that the proposed purchase by the Westmoreland Water Company of the Westmoreland Water Company of Greensburg Borough; the Westmoreland Water Company of Unity Township; the Westmoreland Water Company of Hempfield Township; Penn Township Water Company; Penn Borough Water Company; North Huntingdon Water Company; Derry Water Company and Irwin Water Company will work irreparable injury and damage to it and will be highly prejudicial to the interests of the community, in that such purchase will result in the acquisition of franchises and property wholly unnecessary, inconvenient and burdensome for the performance of the legitimate purposes of the Westmoreland Water Company and will add to its present property other properties wholly unnecessary for the performance of its corporate purposes, and, furthermore, will add to its present property such an amount of unnecessary, inconvenient and burdensome property as will render it impracticable and impossible for the Borough of Greensburg to exercise its right to purchase and acquire the property of the Westmoreland Water Company under the Act of 1874 in case it finally elects to do so.

The fundamental question for determination is, Has the Westmoreland Water Company a legal right to purchase the franchises and property of these eight water companies which were heretofore organized and incorporated for the purpose of supplying water to separate and distinct municipalities? If it has, then it may acquire indirectly franchises and property which it could not acquire by original incorporation. This, however, is a legislative question, and if the law-making body has so declared, the duty of the court is to give effect to its enactments. It is provided by Section 5 of the Act of April 17, 1876, P. L. 30, amending Section 23 of the Act of April 29, 1874, P. L. 73, that it shall be lawful for any corporation created under the Act of 1874 to sell, assign, dispose of and convey to any other corporation created under said act its franchises and all its property, real, personal and mixed, and thereafter such corporation shall cease to exist and the said property and franchises not inconsistent with said act shall thereafter be vested in the corporation so purchasing as aforesaid. Here is express legislative authority for one water company to purchase the franchises and property of another water company, which is the principal thing these bills seek to prevent. This legislation has received judicial construction, and was given effect in the recent case of Hey v. Springfield Water Company, 207 Pa. 38. It was there held that the Springfield Water Company had a legal right to acquire by purchase the franchises and property of twelve other water companies and that it thereby became vested with the property and franchises of these respective companies, which thereupon ceased to exist. The validity of such a sale and purchase was also recognized in the case of Commonwealth v. Water Company, 225 Pa. 317, and also in Koehler v. St. Mary's Brewing Company, 228 Pa. 648. In the case last cited the Supreme Court, in an opinion by Mr. Justice Brown, adopted as a correct exposition of the Act of 1876 the following language of the court below in refusing an

offer to prove inadequacy of price, viz: "The legislature by the Act of 1876 has vested absolutely in the corporation itself the power to sell and convey its franchises and assets for a price of consideration fixable by the corporation as exercised through the votes of the majority of its stockholders." If the corporation has the absolute power to sell, and the legislature has failed to give the courts any power to review such corporate action when exercised honestly and in good faith, it follows that a court of equity is without authority to restrain such sale.

The allegation that the purchasing company in the case at bar is acquiring property in excess of that required for the purpose of its organization and business is without merit or force if it is to exercise the franchises and to discharge the public obligations imposed upon the several companies purchased by it. It may be conceded that if the Westmoreland Water Company after such purchase was limited in its service of the public to the territory originally covered by its charter, then this acquisition of property and franchises would exceed the requirements of its original organization and business; but such is not the case. Moreover, the acquisition of property for other than corporate purposes is one thing, and its excessive acquisition for corporate purposes is an entirely different proposition. There is no averment in these bills that the proposed purchase is for other than the corporate purposes or that the property that will be thereby acquired is in excess of the corporate needs if the entire territory covered by the charters of the selling companies is to be served by the purchasing company. The rights of the Borough of Greensburg, however, are in no way abridged or affected by this acquisition of property by the Westmoreland Water Company, nor by the increase of its indebtedness and capital stock. The right to increase its indebtedness and capital stock can not be questioned, and it does not appear that the proposed increase is excessive, hav-

ing regard to the franchises and property which it will acquire by its proposed purchase. But if it were excessive, the Borough of Greensburg is not affected thereby, nor has it any standing to raise this question: Columbia National Bank's App., 16 W. N. C., 357.

The right of the plaintiff is to acquire the works and property of the Westmoreland Water Company within its corporate limits and the water supply incident thereto by paying therefor the net cost of erecting and maintaining the same, with interest at the rate of ten per cent. per annum, deducting from said interest all dividends theretofore declared. The purchase by the Westmoreland Water Company of the franchises and property of water companies serving other municipalities does not affect the status of the works and property which the plaintiff has a right to acquire at the net cost of erecting and maintaining the same. It is not apparent how such purchase could change the character or amount of the physical property which the plaintiff has a right to take or how there could be any confusion of property by the purchase of other independent properties that would seriously complicate the situation, much less "render it impracticable and impossible for the plaintiff to purchase and acquire the property" which it has a right to purchase and acquire under the Act of 1874. There are no averments in the bills filed to show how such result might follow the purchase by the plaintiff of the franchises and property of these other water companies. The most serious complications that might arise would be in separating and ascertaining the earnings of the Greensburg Borough water plants and in crediting these plants with the dividends that should be awarded to the same, and possibly the apportionment of the costs of erecting and maintaining a common source of water supply for the consolidated companies; and these are remote if the plaintiff will promptly assert its right to purchase. In any event they are complications susceptible of an approximately accurate so-

lution. The increase of the capital stock has nothing to do with fixing the price the plaintiff will have to pay for the works and property which it may acquire, and the increase of indebtedness is likewise a negligible quantity. Bondholders and all other creditors of the consolidated companies will hold their bonds and securities subject to the plaintiff's right to acquire that part of their works and property which it is entitled to take under the Act of 1874 at the net cost of erecting and maintaining the same, etc. I am unable to see how the proposed purchase by the Westmoreland Water Company of the franchises and property of these other water companies is prejudicial to the interest of those whom the plaintiff represents, and the plaintiff has failed to set forth in its bills how the community would be prejudiced thereby.

The plaintiff has not shown a present ability to take over the works and property of the Westmoreland Water Company and of the Westmoreland Water Company of Greensburg Borough, or either, and it expressly reserves, in the bills filed, the right to determine hereafter whether it will purchase the same or not. Inasmuch as the right of the plaintiff to purchase is a continuing one, a court of equity should not be lightly moved to control or interfere with the business management of these water companies upon the supposition that the plaintiff may at some indefinite time in the future be financially able to purchase or that it may at some future time exercise its option to do so. But in any aspect of the case I am unable to see how the proposed purchase and sale will be prejudicial to the community or to the plaintiff's right to purchase the works and property of the companies which it is entitled to acquire under the Act of 1874. The works and property which the plaintiff is now entitled to become the owner of are separate and distinct from the franchises and property which the Westmoreland Water Company will

acquire by its proposed purchase of the water plants in other municipal divisions, and the price which the plaintiff is required to pay for the same is to be determined not by the amount of the capital stock of the Westmoreland Water Company, or the amount of its indebtedness, or the relative value of its respective holdings, but by the net cost of erecting and maintaining the works and property which the plaintiff is entitled to take, with interest thereon at the rate of ten per centum per annum, deducting from said interest all dividends theretofore declared. Furthermore, it is to be observed that the right of the Westmoreland Water Company to purchase the franchises and property of these other water companies and the right of the said companies to sell is coequal with the right of the plaintiff to acquire by purchase the present works and property of either or both the Westmoreland Water Company and the Westmoreland Water Company of Greensburg Borough. Both rights arise out of positive law, and the Westmoreland Water Company and the other water companies having express legislative authority and assent for doing what the plaintiff seeks to restrain them from doing, the plaintiff, to say the least, has a heavy burden resting upon it to show a clear invasion of its legal right and an injurious interruption thereof that imperatively demands the intervention of a court of equity to prevent its destruction. The bills filed in this case fail to show this. If both parties may exercise their legal rights without any serious injury or complication arising therefrom, as they evidently can, it follows there is no warrant for equitable interference.

And now, November 13, 1912, the demurrer filed in this case is sustained and the plaintiff's bill is dismissed at its cost.

Plaintiff appealed.

*Error assigned* was the decree of the court sustaining demurrer and dismissing bill.

*H. H. Fisher* and *Luke Lonergan,* with them *Richard D. Laird,* for appellant.—Section 5 of the Act of April 17, 1876, P. L. 30, is inapplicable in this case, inasmuch as it would be contrary to the constitutional provision prohibiting the violation of a contract: Manheim Borough v. Manheim Water Co., 229 Pa. 177; Horne v. Dorrance, 2 Dall. 303; Fisk v. Jefferson Policy Jury, 116 U. S. 131; Case v. Kelly, 133 U. S. 21.

Section 5 of the Act of 17th April, 1876, P. L. 30, is inapplicable in this case, because its application would result in a violation of the provisions of Section 10 of Article XVI, of the Constitution: Bly v. White Deer Mountain Water Co., 197 Pa. 80.

The rule permitting purely private business corporations to dispose of all their property does not necessarily apply to public service corporations: Susquehanna Canal Co. v. Bonham, 9 W. & S. 27; Plymouth R. R. Co. v. Colwell, 39 Pa. 337; Foster v. Fowler, 60 Pa. 27; Reynolds v. Reynolds Lumber Co., 169 Pa. 626; The Johnson Company v. Miller, 174 Pa. 605; Central Transportation Co. v. Pullman's Palace Car Co., 139 U. S. 24; St. Louis, Vandalia, Etc., R. R. Co. v. R. R. Co., 145 U. S. 393.

*Robert W. Smith,* with him *James S. Moorhead,* for appellee, cited: Com. v. Lumber City Water Co., 225 Pa. 317; Koehler v. St. Mary's Brewing Co., 228 Pa. 648; Moers v. Reading, 21 Pa. 188; Cleveland, Painesville & Ashtabula R. R. Co. v. Erie, 27 Pa. 380; Cooper v. Oriental Savings & Loan Assn., 100 Pa. 402; Columbia Nat. Bank's App., 16 W. N. C. 357; Williamsport v. Citizens' Water & Gas Co., 232 Pa. 232; R. R. Co. v. R. R. Co., 145 U. S. 393; Waterworks v. Banking Co., 122 Fed. Rep. 796.

Per Curiam, April 28, 1913:

The decree appealed from is affirmed on the opinion of Judge Reed, specially presiding.