# Stern Mfg. Co. to use v. Geo. W. Smith & Co., Inc., Appellant.

*Corporations—Assignments of claim—Use-plaintiff—Act of May 21, 1881, P. L. 30.*

1. Where a corporation has ceased to do business, it may assign a claim due to it, and the assignee may bring suit on it in the name of the corporation to his use.

2. Under the Act of May 21, 1881, P. L. 30, a corporation has a right, for the purpose of winding up its affairs, to dispose of its property with the same effect as if it were still a going concern and to do so an assignment of the equitable title to a claim is within its power.

3. An assignee need show no right in himself, it is enough if he show a right in the legal plaintiff; it is the right alone that can be enforced.

Argued January 9, 1922.   Appeal, No. 109, Jan. T., 1922, by defendant, from judgment of C. P. No. 1, Dec.

T., 1918, No. 4128, on verdict for plaintiff, in case of Stern Manufacturing Co. to use of Samuel Stern v. George W. Smith & Co., Inc. Before FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ. Affirmed.

Assumpsit for labor and material. Before PATTER-SON, J.·

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $2,023.26. Defendant appealed.

*Error assigned,* inter alia, was refusal of defendant's motion for judgment n. o. v., quoting record.

*Pierce Archer, Jr.,* with him *W. Nelson L. West,* for appellant.

*E. Spencer Miller,* for appellee.

PER CURIAM, February 6, 1922:

This was an action in assumpsit wherein plaintiff claimed to recover upon a quantum meruit for materials and labor, together with profits which might have been realized upon completion of a contract in writing, providing for the encasing of ammunition boxes with iron for use of the federal government, which contract was cancelled by defendant before completion. The contract was originally made with the Stern Manufacturing Company and subsequently assigned to the use-plaintiff. A verdict was rendered in favor of plaintiff and, upon refusal of the court below to either grant a new trial or enter judgment n. o. v., defendant appealed.

The questions raised are (1) the right of the use-plaintiff to maintain these proceedings and (2) the sufficiency of the evidence to sustain a recovery for consequential damages in the nature of profits. As to the first question it appears that previous to bringing suit the corporation plaintiff ceased to do business and as-

signed the claim to the use-plaintiff, who owned practically its entire capital stock. It seems useless to discuss the right of the corporation to make such transfer in view of the numerous decisions of this court sustaining actions based on assignments of this character. In Hamilton v. Brown, 18 Pa. 87, 89, we said: "An assignee need show no right in himself; it is enough if he show a right in the legal plaintiff, for it is the right alone that can be enforced." In Howes v. Scott, 224 Pa. 7, 13: "The right to maintain this action does not depend upon the interest which the use-plaintiff may have in the result. It depends solely upon whether the legal plaintiff has a cause of action against the defendant. If he cannot maintain the action, the use-plaintiff cannot do so. If the legal plaintiff has a good cause of action, it is immaterial, so far as the defendant is concerned, whether the use-plaintiff has any interest or not. That is a matter which concerns the legal and use-plaintiffs and not the defendant."

The fact that the corporation had ceased to do business will not prevent a recovery here. Under the Act of May 21, 1881, P. L. 30, the corporation had a right, for the purpose of winding up its affairs, to dispose of its property with the same effect as if it were still a going concern and to do so an assignment of the equitable title of the claim in controversy was within its power.

An examination of the evidence convinces us of its sufficiency to sustain the claim for consequential damages if believed by the jury. This question was fairly submitted to the jury and found against defendant.

The judgment is affirmed.