## Merwine, Appellant, *v.* Mt. Pocono Light & Improvement Co.

Argued April 14, 1931. Before FRAZER, C. J., WALL-
ING, SIMPSON, KEPHART, SCHAFFER and MAXEY, JJ.

*F. J. Mervine,* for appellant.—The transaction was a
merger, not a sale: Penna. Utilities Co. v. Pub. Ser.
Com., 69 Pa. Superior Ct. 612; York Haven Water &
Power Co. v. Pub. Ser. Com., 287 Pa. 241.

The plaintiff had a right to have substituted as a party
defendant in a pending action, at the time of a merger,
the company into which the constituent company was
merged: Bullock v. Home Assn., 9 Berks Co. L. J. 161;
Eureka F. & H. Co. v. Fire Co., 7 Del. Co. R. 28; Phila.
v. Ry., 143 Pa. 445.

We contend that this transaction was nothing more
than a sale by the defendant to itself under a different
name. The companies were owned by the same holding
company. It was nothing more than a transfer by the
same person, or, in this case, the same company to itself
under a different name: Montgomery Web Co. v. Dien-
elt, 133 Pa. 585; Art Soc. of Pitts. v. Pub. Co., 60 Pa.

Superior Ct. 548; Atlas Portland Co. v. Am. B. & C. Co., 280 Pa. 449; Penna. Knitting Mills Co. v. Mfg. Co., 12 Pa. Superior Ct. 346.

*F. B. Holmes*, with him *William J. Wilcox* and *C. R. Bensinger*, for Pennsylvania Power & Light Co., intervener d. b. e.—Among the latest cases construing this statute or bearing directly on the question involved are: Com. v. Water Co., 225 Pa. 317; Zimmerman v. Coal Co., 286 Pa. 108; Pocono Spring Water Co. v. American Ice Co., 214 Pa. 640; Mt. Union Boro. v. Kunz, 290 Pa. 356; North Lebanon Boro. v. Arnold, 47 Pa. 488; North Whitehall Boro. v. Overseers, 3 S. & R. 116; Farmers' & Mechanics' Bank v. Little, 8 W. & S. 207; Building Assn. v. Anderson, 7 Phila. 106; Credit Mobilier's of Am., 10 Phila. 2; Hays v. Lycoming Fire Ins. Co., 99 Pa. 621; Dalmas v. R. R., 254 Pa. 9; Phila. Trust Co. v. Traction Co., 258 Pa. 152; Penna. Utilities Co. v. Pub. Ser. Com., 69 Pa. Superior Ct. 612; Grier Bros. v. Assurance Co., 183 Pa. 334; Lehigh Nat. Bank v. Seyfried, 283 Pa. 1; Comrey v. Twp., 202 Pa. 442; Card v. Packing & Provision Co., 253 Pa. 575; Lane v. Water Co., 220 Pa. 599.

Appellee filed no printed brief.

Opinion by Mr. Chief Justice Frazer, June 27, 1931:
A short chronology of the pleadings in the present case is necessary to an understanding of the issues involved: Plaintiff sued in trespass to recover damages from the Mount Pocono Light & Improvement Company, for personal injuries sustained by her October 20, 1926, by reason of alleged negligent acts of defendant company. The summons issued June 2, 1927, and defendant's attorneys entered an appearance June 30, 1927. December 30, 1927, plaintiff filed her statement of claim and January 30, 1928, defendant filed an affidavit of defense raising questions of law. These ques-

tions were decided against defendant with leave granted "to file an affidavit of defense as by the Practice Act required." February 4, 1929, attorneys who had appeared for Mount Pocono Light & Improvement Company filed with the court a suggestion and affidavit of defense setting forth that "since the date of commencing the action above stated and since the date of filing of the defendant's original affidavit of defense,......the defendant, with the approval of the Public Service Commission of the Commonwealth of Pennsylvania, sold, assigned, disposed of and conveyed to the Pennsylvania Power & Light Company [a Pennsylvania corporation]......all [its] franchises,......and property, real, personal and mixed." No formal notice of the sale was given plaintiff. The transfer, it was contended in the affidavit of defense, extinguished the corporate existence of defendant and, inasmuch as "plaintiff had no lien upon any of the property and franchises" of defendant company at the time of the conveyance, the affidavit prayed that rules be allowed to show cause why plaintiff's trespass action should not be abated, and further why proceedings in the case should not be stayed until by proper process plaintiff had "caused all persons responsible for any of the liabilities of the said defendant, Mount Pocono Light & Improvement Company, if any such there be, to be brought in and made parties defendant to said action." Both rules were granted February 4, 1929.

Plaintiff, in turn, on April 9, 1929, filed an answer, which was further amended February 28, 1930, asking that a rule be allowed on defendant to show cause why the Pennsylvania Power & Light Company, purchaser of the property and franchises of defendant company, should not be substituted as a party defendant. The court allowed this rule, to which defendant answered, and, upon consideration, the court denied the prayer of plaintiff to substitute the Pennsylvania Power & Light Company as a party defendant, and abated the damage action against the Mount Pocono Light & Improvement

Company. Plaintiff has appealed and the Pennsylvania Power & Light Company has filed a brief on which appear the names of counsel formerly appearing for defendant company. The paramount question involved in the appeal is whether plaintiff's suit for damages against defendant corporation should abate because of the latter's transfer of its franchises, property and all its assets to the Pennsylvania Power & Light Company.

The property of the Mount Pocono Light & Improvement Company passed to the Pennsylvania Power & Light Company under authority of sale conferred by section 23 of the Act of April 29, 1874, P. L. 73, as amended by section 5 of the Act of April 17, 1876, P. L. 30. The pertinent part of the amending section 5 provides: "It shall be lawful for any corporation......to sell, assign, dispose of and convey to any corporation created under or accepting the provisions of this act, its franchises, and all of its property, real, personal and mixed, and thereafter such corporation shall cease to exist, and the said property and franchises not inconsistent with this act, shall thereafter be vested in the corporation so purchasing as aforesaid." It was the view of the court below, and is here argued, that immediately upon completion of the sale by the Pocono Company of its property to the Pennsylvania Company, the words, "such corporation shall cease to exist," so completely terminated the existence of the former corporation that the pending trespass action must necessarily abate for want of a subsistent defendant. Considering the facts of the present case, the construction contended for is not warranted by the language contained in the quoted provision of the act.

The statute of 1874 and its amendments plainly reveal that the words "shall cease to exist" primarily refer to a cessation of carrying on the business for which the selling corporation was created. This is borne out by Com. v. The Lumber City Water Co., 225 Pa. 317, where, on quo warranto proceedings to determine its

right to transact business under its charter, it appeared the company had sold its property and franchises under the Act of 1876 to another water company and afterwards attempted to resume business; quoting the above phrase from the Act of 1876, we there entered judgment of ouster and enjoined defendant from exercising its corporate right to supply water in the territory covered by its charter; the question now before us was not there raised or passed upon. It would be an unwarranted interpretation of the phrase to hold that a cessation of corporate existence was contemplated to the extent that the legitimate claims of creditors, and especially those whose suits were instituted before and were pending at the time of the sale, were defeated by such action.

In Zimmerman v. Puro Coal Co., 286 Pa. 108, 110, we cited with approval the note in Mumma v. The Potomac Co., 8 Peters 281, printed in 8 Lawyer's edition 945, 946, from which the following applicable matter is quoted: "According to the old settled common law, upon the civil death of a corporation,......all the debts due to and from it [were] totally extinguished [but] the rule of the common law has become obsolete and odious. The sound doctrine now is that the capital and debts of corporations constitute a trust fund for the payment of creditors and stockholders and a court of equity will lay hold of the fund and see that it be duly collected and applied. The death of a corporation no more impairs the obligation of contracts than the death of a private person." Defendant corporation not having been legally dissolved, its present condition is rather that of an inactive corporation and it is not altogether dead. Before a corporation has ceased to exist in the absolute sense here contended for, it must fully and definitely close its affairs, and the fact that a corporation has "ceased to do business" does not preclude it from exercising its various rights to accomplish this purpose: Stern, etc., v. Smith & Co., 273 Pa. 39, 41. Even though the charter of a corporation has expired,—

and certainly defendant's has not done so,—the Act of Assembly of May 21, 1881, P. L. 30, continues its corporate existence to the extent that suits already brought by creditors may be maintained and defended.

It is admitted the present plaintiff stands in the position of a creditor of defendant corporation, as she holds a claim which vested before the corporation sold its property. A person having a cause of action capable of adjustment and liquidation upon a trial, is a creditor: In re Chestnut Street Trust Co., 217 Pa. 151, 153. It is immaterial whether the cause arose out of contract or tort: 15 C. J. 1374, section 3. In the present case the claim arose out of what plaintiff alleges was negligence of defendant company. Defendant now seeks to avoid liability to plaintiff by selling its property and contending that, for the purpose of participation in a law suit, it no longer exists. To permit evasion of that character under section 5 of the Act of 1876, which obviously was never intended to work such hardship, would open the door to corporations seeking to evade their obligations to effectively accomplish the purpose by simply transferring their property to other incorporated bodies after suits were begun against them. As we said in B. & S. v. Musselman, 2 Grant 348, 352, where there was an attempt to evade liability by consolidation of two corporations, "a court of justice would not......attribute to the law-making power an intention of enabling [corporations] to discharge their liabilities in such a summary way."

Not only had plaintiff begun her action against defendant before the latter's sale of its property to the Pennsylvania Power & Light Company, but defendant's attorneys had entered their appearance and defendant had filed an affidavit of defense. Although there is no doubt that the selling corporation, by reason of the sale of its property, ceased to exist in so far as its right to supply electric light in the Borough of Mount Pocono is concerned, we find nothing in the statute of 1876

which forces upon the creditor-plaintiff the injustice of having her suit, which must be presumed to be based upon a legitimate claim, summarily abated. The reports contain numerous cases in which the courts have protected interests of suitors in actions analogous to the situation plaintiff here presents. In Shakman v. U. S. Credit System Co., 92 Wis. 366, 32 L. R. A. 383, it was said the dissolution of a corporation after the submission to the court of a cause will not, before determination of that cause, abate the action, but that the findings and judgment will be entered nunc pro tunc as of the day of submission. It was held in Mumma v. The Potomac Co., supra, that the corporate existence of a defendant company which had agreed with a plaintiff, who had recovered a judgment against it, to continue from term to term an issue to revive the judgment, would not be held to have been so destroyed by a surrender of its charter to another company as would defeat the rights and remedies of the creditor. See also U. S. Industrial Alcohol Co. v. Distilling Co. of America, 89 N. J. Eq. 177, 181. If dissolution of a corporation would not defeat a creditor's action, certainly sale of its corporate property to another corporate body of the same class would not have that effect.

Although we need not decide the point, it is proper to call attention to the fact that the pleadings indicate that the Pennsylvania Power & Light Company took over the property of defendant under circumstances warranting a finding, upon evidence produced to support the allegations in the pleadings, that the transaction between the two corporations was in reality a merger, or such union of interests as, in law, caused the buying corporation to assume defendant's obligations. There is much to show that the purchase was attended by an intimacy of interest tending to render the transaction, in so far as the Pennsylvania Power & Light Company's interest was concerned, a purchase cum onere. For instance, it is averred that, at the time

of the commission of the alleged negligent acts on the part of the Mount Pocono Light & Improvement Company, it was affiliated or associated with the Pennsylvania Power & Light Company to the extent that both companies were managed, operated and controlled under the same management and system. It is admitted that the common stock of both companies was owned by the same holding company, and, by defendant's own showing, thirteen of the same persons were officers or directors in both companies. It further appears that both companies operated from the same office. Plaintiff states that the business of the Mount Pocono Company was conducted by the agents, servants and employees of the Pennsylvania Power & Light Company; that after the sale, the power company took over and operated the business formerly conducted by defendant; and that the sale was merely a formality giving effect to a union of the companies which had in reality occurred previous to the accident upon which the suit is based. Whatever the liability of the Pennsylvania Power & Light Company may or may not prove to be, we pass that point and note that the proper course at the present state of proceedings requires plaintiff first to proceed to judgment against defendant if she can, and, having secured judgment, to levy where defendant's assets liable for the judgment may be found.

The statute of limitations pleaded by counsel for the Pennsylvania Power & Light Company has no application to plaintiff's action against the present defendant. The injury occurred on October 20, 1926, and the trespass action was instituted on June 2, 1927, fully within the statutory period.

The order of the court below abating the action against the Mount Pocono Light & Improvement Company is reversed and the proceedings reinstated; the order refusing plaintiff's motion to substitute the Pennsylvania Power & Light Company as a party defendant

in the original suit is affirmed without prejudice to plaintiff, who is directed to proceed in accordance with the views expressed in this opinion.