## GENERAL GAS & ELECTRIC CORPORATION v. COMMISSIONER OF INTERNAL REVENUE.

### Nos. 221, 222.

Circuit Court of Appeals, Second Circuit.

July 18, 1938.

William H. S. Wells, of Philadelphia, Pa., Francis J. Sweeney and C. M. Trammell, both of Washington, D. C., and Maurice Bower Saul of Philadelphia, Pa. (Saul, Ewing, Remick & Saul, of Philadelphia, Pa., of counsel), for petitioner.

James W. Morris, Asst. Atty. Gen. (Sewall Key and Lee A. Jackson, Sp. Assts. to Atty. Gen., of counsel), for respondent.

Before MANTON, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

Two proceedings, one involving income taxes for the year 1926, the other for 1927, and presenting a common question of law, were consolidated for hearing before the Board. The petitions for review have been similarly consolidated before this court. The petitioner, General Gas & Electric Corporation, has agreed to pay the taxes of its affiliate, Northern Pennsylvania Power Company. The issue in controversy is as to the latter's taxes for the years 1926 and 1927, and this turns on whether it is entitled to deduct the unamortized bond discount and expense of two corporations whose assets and liabilities were taken over by it and whose bonds it retired before maturity during the years in question. The commissioner disallowed the deductions, and the Board sustained his ruling.

There is no dispute in the facts, which were stipulated. In 1923 North Penn Power Company, a Pennsylvania corporation, issued and sold its first mortgage bonds, due February 1, 1953, at a discount and incurred expense in connection with their issue and sale. In 1926 it transferred all its assets, property and franchises to Northern Pennsylvania Power Company, also a corporation of Pennsylvania, and that company assumed all the liabilities of the transferor, including liability on the aforesaid bonds which constituted a prior lien on the assets transferred. As consideration for the transfer, the transferee, in addition to assuming the transferor's lia-

bilities, gave cash for retirement of the transferor's preferred stock, and shares of the transferee's common stock, which were exchanged for the common stock of the transferor. The transfer was made under section 23 of the Pennsylvania General Corporation Act of 1874, as amended by section 5 of the Act of April 17, 1876, 15 P.S.Pa. § 595, and it had the sanction and approval of the Public Service Commission of Pennsylvania. At the date of the transfer there were outstanding first mortgage bonds of the transferor in the principal amount of $552,700. In 1926 the transferee retired $368,900 of these bonds, and in 1927 retired the remaining $183,800 thereof. By transactions similar in all material respects Northern Pennsylvania Power Company likewise acquired the assets and assumed the liabilities of another Pennsylvania corporation, Susquehanna County Light & Power Company, which had outstanding an issue of first mortgage bonds that the transferee retired in 1926. The funds for the retirement of the North Penn bonds and the Susquehanna bonds were obtained from the proceeds of the sale of $1,950,000 of First and Refunding Bonds, Series A, due June 1, 1956, of Northern Pennsylvania Power Company. The unamortized bond discount and expense incurred respectively by North Penn Power Company and Susquehanna County Light & Power Company in connection with the issuance and sale of their bonds were transferred as a deferred charge asset on the books of Northern Pennsylvania Power Company. Such discount and expense in respect to the bonds retired in 1926 and 1927, respectively, were claimed as deductions in the consolidated income tax returns filed by the petitioner and its affiliates for those years.

It is conceded that unamortized discount and expenses incurred in connection with the issue and sale of bonds are deductions available to the issuing corporation when it pays them off prior to maturity. See Helvering v. Union Pacific R. Co., 293 U.S. 282, 55 S.Ct. 165, 79 L.Ed. 363; Great Western Power Co. v. Commissioner, 297 U.S. 543, 56 S.Ct. 576, 80 L.Ed. 853. It is also not disputed that such items are allowable deductions to a successor corporation which through merger or consolidation has carried forward the corporate identity of the issuing corporation and has succeeded by operation of law to its rights and liabilities. American Gas &

Elec. Co. v. Commissioner, 2 Cir., 85 F.2d 527; New York Central R. Co. v. Commissioner, 2 Cir., 79 F.2d 247, certiorari denied 296 U.S. 653, 56 S.Ct. 370, 80 L.Ed. 465; Western Maryland Ry. Co. v. Commissioner, 4 Cir., 33 F.2d 695. When, however, the successor corporation acquires the assets of the issuing corporation by purchase, rather than by a consolidation or merger, such deductions are not available. American Gas & Elec. Co. v. Commissioner, 2 Cir., 85 F.2d 527; American Gas & Elec. Co. v. United States, 17 F.Supp. 151, Ct.Cl.; Turner-Farber-Love Co. v. Helvering, 62 App.D.C. 369, 68 F.2d 416. Whether the transactions at bar are to be classed as mergers or as purchases is the issue in controversy.

The solution of the problem must be sought in the law of Pennsylvania. During 1926, when the transfers under consideration were made, the Pennsylvania statutes authorized two forms of transactions by which the assets and franchises of one corporation might be taken over by another. One statute is the Act of May 3, 1909, 15 P.S.Pa. § 421 et seq., sometimes referred to as the "long form merger"; the other is section 23 of the Act of April 29, 1874, as amended by section 5 of the Act of April 17, 1876, which is sometimes called the "short form merger." See York Haven Water & Power Co. v. Public Service Comm., 287 Pa. 241, 246, 134 A. 419. The transfers by which the taxpayer acquired the assets of its transferors and assumed their liabilities were made under the Act of 1874 as amended, 15 P.S.Pa. § 595. This provides, so far as material:

"* * * and it shall be lawful for any corporation * * * to sell, assign, dispose of and convey to any corporation created under or accepting the provisions of this act, its franchises, and all its property, real, personal and mixed, and thereafter such corporation shall cease to exist, and the said property and franchises not inconsistent with this act, shall thereafter be vested in the corporation so purchasing as aforesaid: * * *"

It will be observed that the statute speaks in terms of a sale rather than of a merger. It is true that it is provided that the selling corporation "shall cease to exist"; but this has been construed to refer primarily to a cessation of carrying on the business for which the corporation

**564**

was created. See Merwine v. Mt. Pocono Light & Imp. Co., 304 Pa. 517, 521, 156 A. 150. It will also be observed that nothing is said as to the liability of the transferee for the debts of the transferor. In the case at bar assumption of liability was accomplished by contract; in the absence of a contractual assumption of debts it would seem that creditors of the transferor could hold the transferee liable only on principles of fraudulent conveyance and to the extent of the value of the assets received. See Merwine v. Mt. Pocono Light & Imp. Co., supra, at page 525, 156 A. 150. In several cases transfers made pursuant to this act have been referred to as purchases and sales. See Greensburg Borough v. Westmoreland Water Co., 240 Pa. 481, 485, 87 A. 995; Koehler v. St. Mary's Brewing Co., 228 Pa. 648, 653, 77 A. 1016, 139 Am.St.Rep. 1024; Carr v. Rochester Tumbler Co., 207 Pa. 392, 395, 56 A. 945. In other cases, the language of the opinions seems to indicate that a transfer under the 1874 Act is regarded as effecting a merger. Pennsylvania Utilities Co. v. Public Service Comm., 69 Pa.Super. 612, 615; York Haven Water & Power Co. v. Public Service Comm., 287 Pa. 241, 246, 134 A. 419. Such characterizations are not conclusive of the present issue. In American Gas & Elec. Co. v. Commissioner, 2 Cir., 85 F.2d 527, this court stated as an essential of such a merger as would entitle the successor corporation to claim deductions of the unamortized bond discount and expense of the merged corporation, that the successor must by operation of law become responsible for the liabilities of the merged corporation. A provision imposing such liability is certainly customary in technical merger statutes; such liability is expressly provided in the "long form merger" Act of 1909, as it is also in the Act of May 5, 1933, 15 P.S.Pa. § 2851—801 et seq. The absence of such a provision in the Act of 1874, and the construction placed upon that statute in Merwine v. Mt. Pocono Light & Imp. Co., 304 Pa. 517, 156 A. 150, seem to us fatal to the taxpayer's contentions. In that case the plaintiff, a creditor of the selling corporation, moved to substitute the purchasing corporation as a party defendant in an action pending against the seller. The denial of that motion, affirmed by the Supreme Court, shows that under the Act of 1874, the purchasing corporation does not succeed, simply by operation of law, to the liabilities of the

seller. Accordingly, we think the case at bar is governed by our decision in American Gas & Elec. Co. v. Commissioner, supra.

Order affirmed.