ISABEL G. SPROEHNLE, EXECUTRIX, ESTATE OF ALBERT W. SPROEHNLE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

JOHN R. SPROEHNLE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 24859, 30362, 24860. Promulgated July 30, 1930.

*Frederick D. Silber, Esq.*, for the petitioners.
*B. M. Coon, Esq.*, for the respondent.

OPINION.

STERNHAGEN: The respondent determined deficiencies in income taxes against the decedent Albert W. Sproehnle of $1,800.66 for 1922 and $4,257.24 for 1923, and against John R. Sproehnle of $100.98 for 1922. The proceedings were submitted together upon the following stipulation of facts:

1. Prior to December 31, 1919, Sproehnle & Company was an Illinois corporation engaged in Chicago in the wholesale watch movement business. A. W. Sproehnle (now deceased) owned ninety per cent (90%) of the stock of the corporation and George E. Jacobson owned ten per cent (10%) of the stock. Said corporation on December 31st, 1919, had net assets of sufficient value to pay the deficiency of $80,703.86, as hereinafter set forth.

2. Said corporation was dissolved, pursuant to the provisions of the laws of Illinois, on December 31st, 1919. On that date it executed a bill of sale to A. W. Sproehnle for all of its assets, property, credits and effects, including the good will of its business, and by said bill of sale he expressly assumed the payment of all of its outstanding debts, liabilities and obligations. but paid no further consideration. Copy of said bill of sale is attached to the stipulation.

3. Concurrently with the receipt of said bill of sale by the said A. W. Sproehnle, a partnership was formed between said A. W. Sproehnle and his son, John R. Sproehnle. Articles of copartnership between the two were executed as of January 1st, 1920, under the name of Sproehnle & Co., and said partnership took over all of the assets, property, credits and effects of the dissolved corporation the day following the dissolution thereof, and assumed the payment of its debts, liabilities and obligations. The following are the material provisions of the partnership agreement:

> 1. The parties hereto hereby form a partnership, to be known under the name and style of SPROEHNLE & COMPANY, to conduct a wholesale watch movement business in the City of Chicago, to succeed the late corporation known as Sproehnle & Company, heretofore dissolved.

> 2. The first party hereby sells to the second party an equal interest in the assets, property, credits and effects, tangible and intangible, of the said business of Sproehnle & Company, for the sum of Eighty Six Thousand Six Hundred & eighty-nine 89/100 Dollars * * *

> 3. It is further convenanted and agreed that the parties hereto shall share equally in the profits and the losses of said business of Sproehnle & Company, and that neither of the parties shall make himself personally liable upon obligations outside of the business, such as becoming surety upon bonds, guaranties or undertakings for any third person, or incurring any personal liabilities beyond those for usual and ordinary current and family expenses, without the express consent of the other partner.

> \*      \*      \*      \*      \*      \*      \*

> 6. The first party shall act as general manager of the business of the partnership, including the supervising of the purchase and sale of merchandise. * * *

> \*      \*      \*      \*      \*      \*      \*

Said partnership continued on the basis of an equal interest in profits and losses by the said partners until January 1st, 1923, when a new partnership agreement was entered into under which A. W. Sproehnle received ninety per cent (90%) of the profits and John R. Sproehnle ten per cent (10%).

4. An audit of the books of the dissolved corporation was made by the Income Tax Unit as of April 10th, 1922, and the Field Audit Division, as a result thereof, recommended additional taxes against the dissolved corporation for 1917, 1918 and 1919, aggregating $124,092.81. In addition to said proposed deficiencies, a fifty per cent (50%) penalty was proposed to be added. Counsel were engaged by A. W. Sproehnle to defend against the imposition of the additional taxes and penalties. As a result of defenses made, the penalties were not assessed and the proposed deficiency was reduced to a total of $80,-783.06. A. W. Sproehnle deducted from his personal tax return for 1922, as a business expense, the sum of $7,652.50, representing actual counsel fees and expenses of said litigation paid in that year, and deducted from his personal return for 1923 the sum of $25,000.00 actually paid as attorney's fees in said

year for the services so rendered. Upon a field audit of the books of the partnership of A. W. Sproehnle and John R. Sproehnle, for the years 1922 and 1923, made on or about May 5th, 1927, and June 1st, 1927, the Field Division recommended that the deduction made by A. W. Sproehnle for the payment of said fees and expenses in 1922 and 1923 be disallowed, but be. allowed as a deduction for business expense of the partnership on the partnership return. The Bureau refused to adopt said recommendation of the Field Audit Division and held that while the payment of said fees and expenses was a proper business expense of the dissolved corporation, that neither the successor partnership nor A. W. Sproehnle, personally, was entitled to deduct the payments so made as a business expense of either, and as the dissolved corporation was not in existence in 1922 and 1923, no allowance of such payments could be made to anyone in interest. After A. W. Sproehnle died, August 26th, 1926, the Commissioner made an assessment against the executrix of his estate for additional taxes for 1922 of $1,800.66, and for 1923 of $4,257.24, and made an assessment against John R. Sproehnle for 1922 of $100.98.

5. The partnership between the deceased and his son, which took over all of the assets, property, credits and effects of the dissolved corporation, paid no other consideration either to the deceased or to the dissolved corporation therefor, but assumed and paid all debts, liabilities and obligations of the dissolved corporation.

The corporation transferred its assets subject to all liabilities, including that for income and profits taxes, to Albert W. Sproehnle and he immediately transferred the same to the partnership, which assumed such liabilities. When the deficiency of $124,092.81 was proposed, the partnership was liable therefor to the extent of its validity. The counsel fees paid by the partnership in contesting it were proper deductions of the partnership. *H. E. Bullock,* 16 B. T. A. 451. From the stipulation it appears that A. W. Sproehnle paid the entire amount of such fees. Since, however, the liability was that of the partnership, the contest would, strictly speaking, be conducted by the partnership at partnership expense. It does not appear what partnership adjustment of the counsel fees was made, but petitioners' attorney has expressed approval of the treatment of the amount as a partnership deduction. This we think is the correct treatment.

*Judgment will be entered under Rule 50.*