FRED T. LEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

EDWARD J. MURPHY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 37005, 40798. Promulgated November 6, 1930.

*John N. O'Donohue, Esq., John F. Malley, Esq.,* and *Thomas C. Malley, Esq.,* for the petitioners.

*C. A. Ray, Esq.,* for the respondent.

OPINION.

SEAWELL: The law applicable to the questions involved in these cases is found in the Revenue Act of 1924. Under that act the term "corporation" includes (see section 2 (a) (2)) such associations as the Springfield Realty Trust, hereinafter referred to as the trust.

The evidence shows that the said trust in February, 1920, sold its assets, consisting of a single large parcel of commercial real estate, and liquidated, retaining only a small amount of cash and uncollected amounts which were about equal to certain small unpaid debts. Shortly after such sale the proceeds thereof (with the exceptions stated) were distributed to the shareholders. There was no dissolution of the trust, though its business was discontinued and its assets disposed of as heretofore indicated.

At the time of the distribution of the proceeds of sale it was not known or believed by the officers of the trust that any substantial additional taxes were due from it to the United States. Not until November, 1921, was the trust advised, by a revenue agent, that an additional tax was proposed against it for 1920. The additional tax asserted for 1920 was based almost wholly upon an alleged profit upon the sale of its real estate. In August, 1923, the Commissioner indicated to the trust his approval of the agent's recommendation relative to the proposed assessment of additional income taxes, of which the principal amount was $101,570.32 for 1920.

After being first notified by the revenue agent of the proposed assessment of additional income tax against the trust for 1920, and recognizing the fact that the trust had not the money to pay the same, Edward J. Murphy, one of the trustees and also the treasurer and manager of the trust, conferred with other shareholders touching the subject. Realizing that if the tax should be sustained the shareholders would have to pay it personally—the trust then having practically no assets, Murphy was by such shareholders authorized and directed to employ attorneys and take steps deemed necessary to defeat the assessment and collection of such tax.

Attorneys and real estate experts were accordingly employed by Murphy for such purpose. The bill for such services amounted to

$21,439.50 and the same was presented for payment to Murphy in 1924, after the Commissioner admitted that no profit resulted from the sale of the real estate of the trust in 1920 and withdrew the demand for additional tax against the trust for said year, except $384.32.

The expense of $21,439.50 incurred in resisting the proposed assessment of additional income tax for 1920 against the trust was prorated among the shareholders by Murphy according to their stock holdings in the trust and was paid by them in 1924, petitioner Fred T. Ley paying $7,345.39 and petitioner Edward J. Murphy, $5,357.67, the amounts claimed by them as proper deductions in computing their taxable incomes for 1924.

The question for our determination is whether the amounts so paid, in the circumstances of the instant cases, are deductible as ordinary and necessary expenses in computing the taxable incomes of petitioners for 1924.

The facts here are so similar to those in some cases we have heretofore decided that we must apply the same principles and hold, on the authority of such cases, that the same are controlling here.

The applicable law is section 214 (a) (1) of the Revenue Act of 1924, which provides:

In computing net income there shall be allowed as deductions:

(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; * * *

The evidence clearly indicates that both Ley and Murphy had for many years been interested in real estate in various ways and that the ownership by them of interests in the Springfield Realty Trust was but one of many of their business ventures in real estate.

More than a year after the trust disposed of its real estate and distributed the proceeds of the same (with the exception of a small amount) to its shareholders, thus going into liquidation, the Commissioner proposed to assess a large additional tax in the name of the trust. If such proposed tax had been assessed, its payment would have fallen on the shareholders of the trust, it being in liquidation and no longer having assets or funds with which to pay such assessment.

It was both natural and wise that the shareholders in the trust should take action to resist what they believed to be an improper and unjust assessment. To protect themselves against the same, they authorized one of their number, Murphy, to employ lawyers and real estate experts to oppose the imposition of the proposed assessment. Murphy did so employ lawyers and such experts, for the purpose indicated, also rendering much service himself, and their efforts were

successful in defeating the proposed assessment. In doing so, however, an expense of $21,439.50 was incurred and paid by the shareholders, the petitioners paying their pro rata shares in 1924, the amounts being the same for which they are now claiming deductions in their respective petitions, Ley, $7,345.39 and Murphy, $5,357.67. The amounts so paid by them were in connection with the carrying on of their business ventures and we hold constituted ordinary and necessary expenses. We are, therefore, of the opinion that in the circumstances of these cases the petitioners are entitled to the benefit of the aforesaid claimed deductions.

See *H. E. Bullock*, 16 B. T. A. 451; *Benjamin Paschal O'Neal*, 18 B. T. A. 1036; and *Isabel G. Sproehnle, Executrix, et al.*, 20 B. T. A. 417.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*