**ATHOL MFG. CO. v. COMMISSIONER OF INTERNAL REVENUE.**

**No. 2573.**

Circuit Court of Appeals, First Circuit.

Dec. 17, 1931.

Ralph E. Tibbetts, of Boston, Mass., for petitioner.

J. Louis Monarch, Sp. Asst. to Atty. Gen. (G. A. Youngquist, Asst. Atty. Gen., Sewall Key, Sp. Asst. to Atty. Gen., and C. M. Charest, Gen. Counsel, and Bruce A. Low and F. L. Van Haaften, Sp. Attys., Bureau of Internal Revenue, all of Washington, D. C., on the brief), for the Commissioner.

Before BINGHAM and WILSON, Circuit Judges, and MORRIS, District Judge.

BINGHAM, Circuit Judge.

This is a petition to review a decision of the Board of Tax Appeals, rendered March 30, 1931, redetermining a deficiency in the petitioner's income tax for the year 1924 in the sum of $1,880.74.

The petitioner, the Athol Manufacturing Company, is a Massachusetts corporation, organized June 28, 1923. It was organized to take over and did take over the business and assets of another Massachusetts corporation of the same name. In its agreement for the purchase and taking over of the business and assets of the earlier corporation, the petitioner, as a part of the consideration therefor, assumed and agreed to pay all the debts and obligations of every kind of the other corporation.

During the taxable year 1922, the old company sustained a net loss in excess of $100,000; and during the period of its operation from January 1 to June 31, 1923, it sustained a net loss of $425,979.24. In its tax return for 1924, the petitioner claimed a deduction of these sums as losses, which the commissioner disallowed.

From July 1 to December 31, 1923, and during 1924 the petitioner paid certain sums on account of the obligations of the old company which it had assumed and agreed to pay as a part of the consideration for the business and assets of the old company. In its tax returns for 1923 and 1924 the petitioner claimed a deduction of these payments as ordinary and necessary expenses of its business. The commissioner disallowed this claim, holding that these payments were a

part of the price of the assets of the old company and were therefore capital items.

The old company, prior to its dissolution, had for several years made it a practice to set up on its books a reserve for bad debts in an amount equal to one per cent. of its sales; but, in making its tax returns, it claimed its actual bad debts, ascertained to be worthless during the taxable year, as a deduction. The petitioner, after its organization, also set up on its books a bad debt reserve equal to one per cent. of its sales; but in its first income tax return for the six months of its existence ending December 31, 1923, it claimed and received as a deduction the additions made to its reserve for that period. The additions to its reserve amounted to $3,338.75, while the petitioner's books showed but $52.30 of actual bad debts. Since 1923 the petitioner has continued to set up a bad debt reserve equal to one per cent. of its sales, but it claimed a deduction in its tax return for 1924 of the actual bad debts ascertained to be worthless and charged off during the year. The additions to the bad debt reserve in 1924 amounted to $8,434.75, while its bad debts in 1924 and which it now claims should be deducted have been ascertained to be $20,895.21.

The Board of Tax Appeals held that the petitioner was a distinct entity from the old corporation; that the losses of the old corporation in 1922 and 1923 were not the losses of the petitioner under section 206 (b) (e) and (f) of the Revenue Act of 1924 (26 USCA § 937 and note), and such losses could not be deducted in the ascertainment of its net income.

As to the sums paid out by the petitioner during the six months of its existence in 1923 and in 1924 upon the obligations of the old company, which it had assumed and agreed to pay, the Board of Tax Appeals held that these payments were a part of the consideration for the purchase of the assets of the old company; that they were part of the cost to the petitioner of those assets and constituted a capital, not a business, expense.

And, as to the remaining matter, it held that the petitioner, in its tax return for 1923, having deducted the sum of $3,338.75, the amount of the additions to its bad debt reserve for that period, and claimed that as a deduction in the ascertainment of its taxable income, instead of claiming a deduction on account of its bad debts amounting to $52.30, it was not entitled, in its tax return for 1924, to deduct its ascertained bad debts instead of the sum added to a reserve for bad debts, it not having first obtained permission to make such change, as required by Reg. 65, article 151. The Board, however, did increase the amount set up by the petitioner on its books as a reserve for bad debts for 1924 from $8,434.75 to $17,608.76.

▮▮ We fail to see how we can add anything to what was stated by the Board of Tax Appeals in its opinion. We are in full accord with its ruling and finding that the petitioner was an independent entity from the old corporation whose assets and business it took over; that the losses sustained by the old company in conducting its business during 1922 and a part of 1923 were not the petitioner's losses; and that it was not entitled to deduct the same in its tax return. We are also of the opinion and agree with the conclusion of the Board that the amounts paid out by the petitioner in 1923 and 1924 to satisfy the obligations of the old company, which it had assumed and agreed to pay, were not a business expense which it was entitled to deduct, but rather a capital expenditure. And we agree with the Board that the petitioner, having availed itself of the benefit of article 151 of Regulation 65 and, in its income tax return for 1923, deducted the amount set up as a reserve for bad debts, could not, in 1924, deduct the amount of its debts ascertained to be worthless, as it undertook to do, without having obtained permission therefor. We can hardly see why this appeal was taken.

The decision or order of the Board of Tax Appeals is affirmed.