## TURNER–FARBER–LOVE CO. v. HELVERING, Commissioner of Internal Revenue.

### No. 5875.

Court of Appeals of the District of Columbia.

Argued Nov. 8, 1933.

Decided Dec. 11, 1933.

Adrian C. Humphreys, of New York City, and Newton K. Fox, of Washington, D. C., for petitioner.

G. A. Youngquist, Sewall Key, J. Louis Monarch, C. M. Charest, E. Barrett Prettyman, and Nathan Gammon, all of Washington, D. C., for respondent.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

GRONER, Associate Justice.

This is a tax case in which the stipulated facts follow:

"The petitioner is a domestic corporation organized under the laws of the State of Delaware, with its principal office at Memphis, Tennessee, its charter being issued on January 10, 1922. It is engaged in the business of the manufacture and sale of lumber.

"On or about January 10, 1922, pursuant to resolutions adopted by the stockholders of the petitioner and to resolutions adopted by the stockholders of Darnell-Love Lumber Company, Leland Stave & Lumber Company, and Russe & Burgess, Inc., the petitioner, in exchange for its own stock, acquired all the assets and assumed all the liabilities of Darnell-Love Lumber Company, Leland Stave & Lumber Company, and Russe & Burgess, Inc., the stockholders of the three last-named corporations receiving all of the stock in the petitioner corporation in proportion to the value of their respective stock holdings in said last three named corporations.

"The organization of the petitioner was for the purpose of consolidating into a single enterprise the three businesses theretofore separately carried on by Darnell-Love Lumber Company, Leland Stave & Lumber Company, and Russe & Burgess, Inc. The stockholders of Darnell-Love Lumber Company received directly from the petitioner an agreed proportion of the petitioner's capital stock in exchange for the transfer to the petitioner of all the assets and liabilities of said Darnell-Love Lumber Company.

"Under date of December 1, 1919, Darnell-Love Lumber Company sold its bonds maturing December 1, 1929, and having an aggregate par value of $300,000, at a discount of $30,000. In its income-tax return for 1926 the petitioner claimed as a deduction from gross income the sum of $3,000 as amortization for that year of said discount of $30,000."

The Commissioner disallowed the deduction, and the Board sustained his action.

Petitioner's contention is that, by acquiring the assets and assuming the liabilities, including the liability on the outstanding bonds of the Darnell-Love Company, it is entitled to the claimed deduction. It rests its case on Western Maryland R. Co. v. Commissioner (C. C. A.) 33 F.(2d) 695. That was a tax case, and, like this, involved the question whether, where bonds are sold at a discount, such discount may be amortized for income tax purposes over the life of the bonds by deducting the annual proportion thereof from gross income for each year. 33 F.(2d) 696. The case was one in which the right to make the deduction was sustained on behalf of a reorganized corporation which had taken over the assets and assumed the liabilities of another. But we think there are differences between the controlling facts there and here.

In the Western Maryland Case the practical result of the things done was no more than the reorganization of a going concern. As the Court of Appeals there said: "The facts with regard to the reorganization are that the corporation which held the railroad property at that time, The Western Maryland Railway Company, owned all of the stock in seven subsidiary corporations whose property it operated in all respects as it own, keeping but one set of books and making reports to the Interstate Commerce Commission just as though all of the properties of all of the corporations were owned and operated by it as a single system." In the instant case there was not, as in the Western Maryland Case, a mere absorption under a single corporate form of the assets of corporations subsidiary to the corporation absorbed. Here, on the contrary, "the stockholders of Darnell-Love Lumber Company received directly from the petitioner an agreed proportion of the petitioner's capital stock in exchange for the transfer to the petitioner of all the assets and liabilities of said Darnell-Love Lumber Company." There was obviously no merger or consolidation of the two companies, but an outright sale of the assets of the one to the other. The vendor, until dissolved, continued to be a corporation. The sale of its assets did not destroy its identity, and it might have continued legally thereafter to do any business its corporate charter authorized. It might have filed a tax return and claimed a loss on the sale of its bonds or on the sale of its other assets. Granted it had the right to amortize its bond discount, petitioner, in purchasing its assets, did not succeed to this right any more than it would have succeeded to the right to set up its losses occurring prior to the purchase. Athol Mfg. Co. v. Commissioner (C. C. A.) 54 F.(2d) 230.

What we have just said is true because the tax laws treat separate corporations as separate taxpayers. Here petitioner is a distinct and separate corporation from the Darnell Company. In that aspect it is not contested that its deductions are limited to its own expenses and losses, but petitioner's position is that, though a separate legal entity, substance rather than form should control, and that, since it was organized for the express purpose of taking over the assets of the old companies, when this was done, it stepped into the place of those companies and succeeded to all of their rights. That was the theory on which the Western Maryland Case turned, but we are unable to find a justification in the statutes for applying it here, and this because, to repeat, we are faced with the fact of two distinct corporations, each with distinct rights and liabilities. (The new company took over the assets of three companies, but only one of the old companies is involved here.) The statute confines the use of a loss to the taxpayer who sustains it. New Colonial Ice Co. v. Commissioner (C. C. A.) 66 F.(2d) 480. Nor is the situation in this respect changed because in the transfer of assets from the one company to the other a continuing business is involved. The fact of separate identity still remains, and the rule that courts will look beyond the shadow to the substance, which petitioner invokes, is here no more applicable than it was in New York, etc., R. Co. v. Burnet, 62 App. D. C. 29, 64 F.(2d) 152, 154, where we said it is applied only in cases in which to refuse to apply it would be to countenance fraud.

Affirmed.