## STONE'S ESTATE et al. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 7271.

Circuit Court of Appeals, Seventh Circuit.

Nov. 22, 1940.

Edmund D. Adcock and Edward Blackman, both of Chicago, Ill., for petitioners.

Samuel O. Clark, Jr., Asst. Atty. Gen., J. P. Wenchel and Sewall Key, Sp. Assts. to Atty. Gen., for respondent.

Before MAJOR and KERNER, Circuit Judges, and LINDLEY, District Judge.

MAJOR, Circuit Judge.

This is a petition for review of a decision of the United States Board of Tax Appeals, entered October 25, 1939, adjudicating a deficiency in the income tax of petitioners' decedent, Ida B. Stone, for the year 1934, in the amount of $9,502.97.

Louis D. Hirsheimer, a brother of Ida B. Stone, died September 25, 1929, a resident of Cook County, Illinois. For many years prior thereto, he had been engaged in the business of buying and selling real estate mortgage bonds, farms, and other real estate, and making loans, some unsecured and others secured by farm mortgages. His estate consisted of cash, United States Government obligations, 66 different stock issues, 84 different real estate bond issues, 99 different municipal bond issues, 22 different public utility bond issues, approximately 36 different miscellaneous mortgage notes, and 28 different parcels of real estate consisting of farms and city properties. By his last will and testament, he bequeathed to various

members of his family approximately $450,-000, and the residuum, amounting to approximately $1,900,000, to his sister, Ida B. Stone. She and Ben Hirsheimer were appointed executrix and executor of his estate. The date for filing claims against said estate expired December 6, 1930. October 19, 1931, Ben Hirsheimer was discharged as executor, and administration of the estate was continued by Ida B. Stone until March 19, 1932, when she was discharged and the estate closed. At that time, Ida B. Stone, in addition to the property valued at approximately $1,900,000 which she received as residuary legatee, owned property in her own right valued at approximately $950,000, consisting of $450,-000 in United States Government securities and $500,000 in twelve to fifteen different stock issues.

Ida B. Stone, during the administration of her brother's estate and subsequently until January 30, 1939, the date of her death, personally managed all the properties belonging to the estate and acquired by her as residuary legatee, as well as the properties previously owned by her. For such purpose she leased an office in the Field Building, furnished it, employed an auditor, stenographer and other clerical assistants. She gave her personal attention to the management of the business, sold and bought stocks and securities, wrote checks in payment of taxes, insurance and repairs on real estate, and in a general way determined the stock and equipment to be used in the operation of the farms.

A substantial portion of the farm and mortgage business conducted by Louis D. Hirsheimer appears to have been in and about Pittsfield, Pike County, Illinois. On November 6, 1931, Ida B. Stone, as surviving executrix of the estate of Louis D. Hirsheimer, was served with a notice addressed to "The Acting Executors and Trustees in the Estate of Louis D. Hirsheimer, Deceased," of a tax assessment by the taxing authorities of Pike County, Illinois, concerning alleged omitted personal property of Louis D. Hirsheimer. The assessment related to the years 1905 to 1931, inclusive, and amounted, with penalties, to over $650,000. On March 1, 1933, subsequent to the closing of the estate of Louis D. Hirsheimer, and the discharge of Ida B. Stone, executrix thereof, there was instituted in Pike County, Illinois, a proceeding against Ida B. Stone and others, for the purpose of collecting such asserted tax. In contesting this litigation, Ida B. Stone employed counsel. The suit was decided against her in the Circuit Court of Pike County, but upon appeal to the Supreme Court of Illinois, she won a favorable decision. Stone v. Board of Review, 354 Ill. 286, 188 N.E. 430. In defending this litigation, Ida B. Stone expended in the year 1934, in attorney fees and other expenses, the sum of $32,898.34. This amount was claimed as a deduction in her income tax return for the year 1934 on the theory that it was an ordinary and necessary expense incurred in connection with the business in which she was engaged. The Commissioner, sustained by the Board, held that such expenditures were not deductible, hence the assessment of the deficiency here in dispute.

Section 23(a) of the Revenue Act of 1934, c. 277, 48 Stat. 680, 688, 26 U.S.C.A. Int.Rev.Code § 23(a), so far as here material, provides:

"In computing net income there shall be allowed as deductions: * * *

"(a) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * *."

And Sec. 24(a) 26 U.S.C.A.Int.Rev.Code § 24(a) provides:

"In computing net income no deduction shall in any case be allowed in respect of—

"(1) Personal, living, or family expenses."

The contested issues may be stated as (1) Was petitioners' decedent engaged in a trade or business within the meaning of this act? and (2) Was the expense incurred in the Pike County litigation and paid during the year in question, ordinary and necessary expense in the conduct of such business, or was it a personal expense?

The Board of Tax Appeals found that petitioners' decedent "was engaged in a trade or business consisting of the active management of her various properties." Respondent argues that such finding is not one of fact, but rather a conclusion of law, or of law and fact mixed, and we are not, therefore, bound to accept it. We do not deem it necessary to decide this question for the reason that, assuming petitioners' decedent was engaged in a trade or business, we have reached the conclusion that the Board correctly determined that the deduction claimed was not an "ordinary and necessary expense."

Petitioners strongly rely upon Kornhauser v. United States, 276 U.S. 145, 48 S.Ct. 219, 72 L.Ed. 505, and Commissioner v. Chicago Dock & Canal Co., 7 Cir., 84 F.2d 288. A study of these cases is convincing that they afford little, if any, support to petitioners' contention. The former was a case where the taxpayer, an attorney, was sued by a former partner for an accounting for fees, or compensation for professional services performed during the existence of the partnership, a portion of which was claimed by the former partner. The taxpayer asserted as a deduction, the attorney fees incurred in the defense of such suit. The court held the expense as "ordinary and necessary" and, therefore, deductible. However, after referring to various rulings of the Revenue Department, where similar deductions had been allowed, the court on page 153 of 276 U.S., on page 220 of 48 S.Ct., 72 L.Ed. 505, said: "The basis of these holdings seems to be that where a suit or action against a taxpayer is directly connected with, or, as otherwise stated * * *, proximately resulted from, his business, the expense incurred is a business expense * * *."

In the Chicago Dock & Canal Company case, supra, the taxpayer sought a deduction for attorney fees and other expenses incurred in resisting a benefit assessment imposed against its property by the City of Chicago on account of street improvement. The court, on page 290 of 84 F.2d, said: " * * * The attorneys' and witness fees were not paid for the purpose of defending the title to the real estate, but were paid solely to test the validity of an assessment made by the city involuntarily, in so far as the company is concerned. * * * The Board correctly decided that these expenditures were an ordinary and necessary business expense * * *."

■ It seems clear in each of these cases that the expenses for which deductions were allowed were incurred, not only in the conduct of, but in connection with, the business in which the taxpayer was engaged, and they proximately resulted therefrom.

■ In the case before us, however, a different situation is presented. Notwithstanding petitioners' argument to the contrary, we do not think it can be said that the expenses incurred by petitioners' decedent were connected with, or proximately resulted from, the carrying on of a trade or business. In fact, it was essential that the expense in question be incurred wholly irrespective of her business or trade. As the residuary legatee of her brother's will, she had inherited a large amount of property. The litigation with which she found herself confronted and against which it was necessary to defend herself was not the result of any trade or business in which she was engaged, but resulted directly from the fact that she, as residuary legatee, had taken property against which there was an asserted claim for unpaid personal property tax. Petitioners stress the assertion that the litigation against which she was required to defend was fictitious and spurious, notwithstanding that liability was found by the Circuit Court of Pike County, Illinois, and it was only after appeal to the State Supreme Court that invalidity of the asserted claim was determined. We do not see how it can be material to the instant question whether the asserted claim was fictitious or bona fide. The fact remains that the defense was for the protection, not of her business or income derived therefrom, but of the inheritance which had come to her. Any other person named as residuary legatee, whether in business or not, would have been presented with the same situation and necessity for defending and incurring the expense. It is argued by petitioners that the expense incurred did not result in petitioners' decedent acquiring any assets or improving her property. Assuming that this is true, it is equally true that she did, as a result of the litigation, successfully defeat an effort which, had it been successful, would have materially decreased the amount of her inheritance.

■ Petitioners also advance the theory that even though the expense was not incurred by Ida B. Stone in the conduct of her business, she was entitled to the deduction for the reason that it was incurred as a result of the business activities of her brother, Louis D. Hirsheimer. This argument, as we understand, is predicated upon the theory that as transferee, she occupied the same position as that of her brother from whom she inherited, and that, therefore, she is entitled to deduct in the same manner and to the same extent, had the deduction been claimed by him. We think a fair interpretation of the statute requires a denial of this contention. We find nothing in the language employed which indicates or could reasonably be construed

to permit a deduction for expenses incurred, or which might have been incurred by a person other than the one who makes claims thereto. Athol Mfg. Co. v. Commissioner, 1 Cir., 54 F.2d 230; White v. Commissioner, 9 Cir., 61 F.2d 726.

True, as petitioners point out, there have been rulings by the Department and the Board of Tax Appeals which apparently sustain their contention. Ley v. Commissioner, 21 B.T.A. 216; Sproehnle v. Commissioner, 20 B.T.A. 417; Bullock v. Commissioner, 16 B.T.A. 451. It would serve no good purpose, however, to analyze or endeavor to distinguish them. Generally, it appears, a different set of facts was presented, but whether so or not, we think it is clear on logic and reason that it was not intended, and the statute does not permit, a deduction for expenses incurred in protecting an inheritance from claims which had their origin prior to its receipt.

The decision of the Board of Tax Appeals is affirmed.