In re SANGER et al.

(District Court, N. D. West Virginia April 30, 1909.)

1. BANKRUPTCY (§ 340*)—PREFERENCES—BURDEN OF PROOF.

Where a lien is claimed under a trust deed executed within four months prior to the grantor's adjudication in bankruptcy, the burden is ordinarily on the objecting creditors to show that the bankrupts were insolvent at the time the deed was executed, that it created a preference in favor of the secured creditor, and that he had reasonable cause to believe that a preference was intended.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 340.*]

2. BANKRUPTCY (§ 340*) — PREFERENCES — BURDEN OF PROOF — PRIMA FACIE CASE.

Claimant, a sister-in-law of one of the bankrupts, claimed that she loaned sums of money to them at different times without taking any obligation therefor, and without being able to recall the dates of the loans. Less than a month before the voluntary bankruptcy petition was filed, she secured from the brother-in-law and his partner a negotiable note which did not disclose her connection, and which was secured by a deed of trust in general terms to any holder thereof. Held, that such facts established a prima facie case of both claimants' knowledge of the bankrupt's insolvency and their intention to give her a preference, and that the burden was therefore on her to show that the transaction was in good faith and without knowledge of such purpose or intention.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 340.*]

In Bankruptcy. On petition to review decision of referee.

C. E. Morris, for petitioner Grace Woods.
Wm. G. Caldwell and W. E. Krupp, for creditors.

DAYTON, District Judge. On September 23, 1908, the two bankrupts executed a negotiable note, payable to their own order two years after date, with interest payable semiannually at the Dollar

Savings & Trust Company, Wheeling, W. Va., indorsed the same in blank on the back thereof, and on the same day executed a deed of trust upon certain personal property to a trustee to secure the payment of said note, or any renewals thereof, to any one who might become the holder thereof. This trust deed was recorded on the 23d day of September, 1908. On the 21st day of October, less than 30 days following, the bankrupts filed their petition in involuntary bankruptcy. In the adjudication of their matters Grace Woods has presented this note and trust deed to the referee, claiming that she is entitled to first lien upon the personal property embraced in said deed of trust. The referee has declined to allow this claim as a first lien upon such property, and this petition is filed to review his action in thus denying.

The pretensions of the claimant are that, at various times in the year preceding the execution of this note and deed of trust, she loaned three several sums of $100 and an additional sum of $150 to one of these bankrupts, which entered into and was used in the confectionery business of the two, and, while she says little about it in her own testimony, the bankrupt W. S. E. Sanger states that this money was loaned from time to time with the understanding that security would be given therefor, and that when the last sum of $150 was so loaned immediate security was demanded. This last loan was made apparently in June, 1908, when this bankrupt says that he spoke to a lawyer to prepare the security, and it is intimated that the delay from then until the 23d day of September, 1908, when the trust was in fact executed, was solely the fault of this attorney, who appears as trustee in the deed of trust. Grace Woods and the wife of the bankrupt W. S. E. Sanger are twin sisters, and Mrs. Sanger has testified that the money was borrowed at her instance, but paid to Sanger himself.

It is insisted on behalf of the claimant that the burden is upon the objecting creditors to show that, notwithstanding the trust deed was executed within four months prior to the adjudication in bankruptcy: First, that the bankrupts at that time were insolvent; second, that it secures to Mrs. Woods a greater percentage of her debt than is secured to any other creditor of the same class; and, third, that Mrs. Woods must have had reasonable cause to believe that a preference was thereby intended. And it is confidently asserted that the evidence wholly fails to show that she had such knowledge at the time of the insolvent condition of the bankrupts.

These three propositions so asserted, under ordinary circumstances, are sound and are upheld by a multitude of authorities, but it seems to me a clear distinction is to be drawn as to the burden of proof in such cases between strangers asserting such claims and the assertion thereof by near relatives. In this case a sister-in-law on several different occasions loaned sums of money, without, it would seem, taking any note or obligation therefor at the time, and without being able even to recall the dates of such loans; but less than one month before a voluntary petition in bankruptcy is actually filed by the brother-in-law secures from him and his partner a negotiable note,

which in no way discloses her connection with the debt, and the same is secured by a deed of trust, in general terms to any holder thereof. It seems to me that such facts in themselves constitute prima facie evidence of knowledge both of the insolvency and the intention of the bankrupts to give her a preference over other creditors, and that, so establishing a prima facie case of knowledge, the burden is upon her, by satisfactory proof, to show that the transaction was in good faith and without knowledge of such purpose and intention.

I, therefore, can find no error in the decision of the referee, and the same will be in all respects affirmed.