Per Curiam,
 

 May 22,1933:
 

 This appeal is from refusal of judgment n. o. v. and a new trial, and from judgment for plaintiff in an action to secure payment for scrap rails, etc., purchased by defendants from plaintiff under two contracts in writing.
 

 Subsequent to sale and delivery of the scrap iron and after part payment therefor, “all the corporate rights, privileges and franchises” and the real property of plaintiff company were sold under a mortgage foreclosure. Defendants resist payment of the balance claimed to be due under their contracts on the grounds that, first, the amount claimed was not proved by competent evidence; second, the sale of all plaintiff company’s corporate rights and franchises destroyed its existence and extinguished its right to sue or be sued.
 

 As to the first contention, it is sufficient to say it is not supported by the evidence, which, taken as a whole, was ample to warrant the jury’s verdict for plaintiff.
 

 On the question of the right of the plaintiff to collect the indebtedness by suit or otherwise, after the sale of its property and franchises, defendant’s argument is entirely at variance with our decisions, which have held that, under the Act of June 8, 1874, P. L. 278, as amended by the Act of May 21, 1881, P. L. 30, “Before a corporation has ceased to exist in the absolute sense here contended for, it must fully and definitely close its affairs, and the fact that a corporation has ‘ceased to do business’ does not preclude it from exercising its various
 
 *3
 
 rights to accomplish this purpose”: Merwine v. Mt. Pocono Lt. and Imp. Co., 304 Pa. 517, 522, citing Stern Mfg. Co. v. Smith & Co., 273 Pa. 39, 41. Corporations have “the right to institute, maintain and defend suits despite the fact that their charters [have] expired,” or their corporate existence has come to an end by any means whatever: Zimmerman v. Puro Coal Co., 286 Pa. 108, 110, citing Pocono Spring Water Ice Co. v. Am. Ice Co., 214 Pa. 640, 646, 648, and Amer. Ice Co. v. Pocono Spring Water Ice Co. et al., 165 Fed. 714. Nothing in the present case makes it an exception to the rules laid down in the cases above cited.
 

 The judgment is affirmed.