## IRVING TRUST CO. v. MANN et al.

District Court, S. D. New York.

Oct. 23, 1933.

Krause, Hirsch & Levin, of New York City (George J. Hirsch, of New York City, of counsel), for plaintiff.

Daniel J. Levowitz, of New York City, for defendant Bertha Mann.

Allan S. Feldman, of New York City, for defendants Max and Jacob Epstein.

PATTERSON, District Judge.

The action is by the trustee in bankruptcy of Samuel Mann and Frank Mann, partners trading as Peerless Manufacturing & Supply Company. The complaint is in two counts, the first charging that the bankrupt firm made a preferential transfer of merchandise to the defendants, the second charging that the same transaction was made in fraud of creditors. The action is at law, and it was stipulated in open court that the case be tried without a jury.

An involuntary petition in bankruptcy was filed on December 14, 1931. It had been preceded by an assignment for the benefit of creditors made on November 28, 1931. The bankrupts' business was the sale of plumbing fixtures. In 1931 the business was operated at a heavy loss and was in a failing condition. As early as September the liabilities of the firm were greatly in excess of the assets, and there was an inability to meet maturing obligations. Many checks that had been issued were not honored because of insufficient funds. For two or three months preceding the assignment the firm had ceased depositing collections in its bank account, and was turning checks received in the course of business over to its creditors.

Among the creditors listed on the books of the firm were the defendants Bertha Mann, the wife of Frank Mann, in the sum of $1,591; Max Epstein, his father-in-law, in the sum of $1,000; and Jacob Epstein, his brother-in-law, in the sum of $1,000. These amounts were apparently for sums loaned to the bankrupts from time to time. Doubt is cast by the trustee upon the existence of any such loans, mainly because of the inability of the bankrupts and the defendants to specify the dates, amounts, and other particulars as to the several loans. Jacob Epstein had been in the bankrupts' employ until June 1931. He then left, and by September had opened a business of his own along the same lines as the bankrupts' business. His father, Max Epstein, however, remained with the bankrupts throughout, and the relations of all the defendants with the bankrupts continued to be close and friendly.

In September, October, and November the bankrupts shipped to Jacob Epstein merchandise carried on the books at $4,388.14, which is the transaction or series of transactions complained of by the trustee. This transfer was entered by the bankrupts as in payment of the three loans made by the defendants aggregating $3,591; the excess was said to be offset by shipments made by Ja-

cob Epstein to the bankrupts in November 1931. It was testified by the defendants and by one of the bankrupts that an arrangement was made at the time whereby Jacob was to take over the accounts owed to the other two defendants and was to receive payment of all three accounts by taking merchandise needed by him in his new business. He was later to pay his sister and his father the same amounts as their claims against the firm. It was pursuant to this arrangement that Jacob received the goods. The testimony is that he has not yet made the agreed payments to the other two defendants.

I am of opinion that the trustee is entitled to a recovery against all three defendants under the count charging a voidable preference; the liability of each being the amount of his or her claim that was paid off by the transfer of merchandise. It is beyond reasonable controversy that the bankrupts were insolvent when the transfer was made. The testimony by one of the bankrupts as to a valuable good will is not impressive, and the finding is that the good will of the firm had no substantial value. It is also plain that the three defendants had reasonable cause to believe that the transfer would work a preference. All three were closely related to one of the bankrupts. Max Epstein was also working for them at the time, and Jacob Epstein had been in their employ until a short time before. The relationship of the parties, the unusual circumstances surrounding the transfer of the goods, the visible falling off of business, the admissions made before trial, are strong indications that the bankrupts intended to give, and the defendants intended to take, a preference, and overbear the present protestations of the defendants that they had no hint of how things were going with the bankrupts.

It is argued that there was no transfer to Bertha Mann or Max Epstein, that they merely assigned their claims to Jacob Epstein, and that consequently there can be no liability on their part, whatever the trustee's rights may be against Jacob. If they had merely assigned their claims to Jacob, there would be force in the argument. But the arrangement was broader. Their assignments were part of a plan whereby Jacob was to receive payment of all three claims in merchandise and was later to pay off the claims turned over to him. The effect was precisely the same as if Max Epstein and Bertha Mann had themselves taken merchandise in payment from the bankrupts and had then turned the merchandise over to the other defendant upon his promise to pay them later. "Mere circuity of arrangement will not save a transfer which effects a preference from being invalid as such." Dean v. Davis, 242 U. S. 438, 443, 37 S. Ct. 130, 131, 61 L. Ed. 419. Moreover, under section 60b, of the act (11 USCA § 96 (b) relative to the recovery of a voidable preference, "the person receiving it or to be benefited thereby" is made liable to the trustee. In this case Bertha Mann and Max Epstein were "to be benefited" by the transfer, because at least they got a debtor apparently solvent in lieu of the original debtors who were then hopelessly insolvent.

Upon the first cause of action, there will be a recovery against Bertha Mann in the sum of $1,591, against Max Epstein in the sum of $1,000, and against Jacob Epstein in the sum of $1,000.

The second cause of action, alleging a fraudulent conveyance, will be dismissed. There is insufficient proof to support the trustee's charge that the debts owed by the bankrupts to the defendants were merely fictitious and that the transfer was therefore without consideration.

Findings and conclusions in accordance with this opinion may be submitted.