276

## In re SINGER & SIROTTA, Inc.

District Court, S. D. New York.
Jan. 20, 1939.

Mordecai M. Richter, of New York City, for trustee.

Isidore L. Rosenzweig, of New York City, for claimant.

PATTERSON, District Judge.

Molly Cohen filed a proof of claim against the bankrupt estate. The trustee in bankruptcy moved to expunge it on the ground that the claimant had taken a voidable preference which she had not surrendered. The referee took the proof tendered, held that the claimant had not received a voidable preference, and denied the motion.

The bankrupt was a company which manufactured fur coats. It made an assignment for the benefit of creditors on April 4, 1938, and was petitioned into bankruptcy on April 14th. The claimant was a sister of the president of the bankrupt concern and had been employed by it for some months. In 1937 she had made loans to the bankrupt for which she had received checks. One check was for $324.97, dated November 18, 1937. This check the claimant presented at the bank on April 2, 1938, two days before the assignment for the benefit of creditors, and received payment. Another check was for $500, dated December 14, 1937; the claimant cashed it on April 4, 1938, the very day of the assignment. The bankrupt was hopelessly insolvent at the time, with assets of $1,600 and liabilities of $17,000. There would not have been enough funds in the bank to cover the claimant's checks but for the fact that on April 1st the bankrupt had made a sale of all its remaining merchandise for cash. The claimant testified that she was not aware of the bankrupt's financial condition at the time.

The claim of a creditor who has received a preference voidable under the Bankruptcy Act may not be allowed unless the preference is surrendered. Bankruptcy Act, Section 57g, 11 U.S.C.A. § 93(g). By evidence wholly undisputed, the payments received by the claimant on April 2nd and April 4th were transfers of the property of the bankrupt to a creditor, made within four months of the filing of the petition in bankruptcy and at a time when the bankrupt was insolvent; and the transfers enabled the claimant to obtain a greater percentage of her claim than other creditors of the same class. If then the claimant had reasonable cause to believe that the transfers would bring about a preference, there was a voidable preference under section 60b of the Act, 11 U.S.C.A. § 96(b), and the trustee's motion to expunge the claim should have been granted.

The burden of proving that the claimant had reasonable cause to believe that the transfers would result in a preference is on the trustee. The trustee made ample proof. The outstanding facts are that the claimant was the sister of the bankrupt's president; that she worked for the concern and saw her brother daily;

that these stale checks were cashed when bankruptcy was inevitable. To ask a court to find that despite all this the claimant was unaware that she was getting a preference over other creditors is to ask too much. These payments were not in ordinary course of business. The close kinship between the creditor and the bankrupt's president, the imminence of bankruptcy, and the unusual character of the transaction override any protests of the creditor that she knew nothing about the business and stamp the transaction as a voidable preference. The undisputed facts point to a finding that the creditor knew that she was obtaining a preference when she cashed the two checks. In re Sanger, D.C.W.Va., 169 F. 722; Irving Trust Co. v. Roth, D.C.N.Y., 48 F.2d 345; Irving Trust Co. v. Mann, D.C.N.Y., 5 F.Supp. 895.

The referee held that while there were suspicious circumstances, he was left in doubt. The findings of a referee, who saw and heard the witnesses, are presumptively correct, especially where he makes a decision on the conflicting testimony of witnesses. But where, as here, his ultimate finding is based on an inference from facts substantially undisputed, it need not be given so conclusive an effect by a reviewing court. In re M. & M. Mfg. Co., Inc., 2 Cir., 71 F.2d 140. The referee's finding is at variance with the uncontradicted facts, and the court "is fully satisfied that error has been committed" (General Order 47, 11 U.S.C.A. following section 53). The referee's order will accordingly be reversed, and the claim will be expunged on the ground that the claimant received voidable preferences which she has not surrendered.