In re PAGE DISPLAYS, Inc.

District Court, S. D. New York.

May 21, 1940.

James J. O'Connell, of New York City (George Kossoy, of New York City, of counsel), for receiver.

Henry Waldman, of New York City (Lester J. Waldman, of New York City, of counsel), for petitioning creditors.

CONGER, District Judge.

This is a petition to review an order of the Referee appointing George W. Gavagan, the Receiver herein, as Trustee. The correctness of the order appealed from depends upon whether or not the creditor, Frank Bailey, was entitled to vote. If he was, there was a stalemate and the Referee had the power to appoint a Trustee.

The disqualification of Bailey to vote for a Trustee is asserted to arise from Section 44 of the Bankruptcy Act, as amended in 1938, 11 U.S.C.A. § 72, sub. a, because, allegedly, Bailey is a stockholder of the bankrupt corporation. At the hearing before the Referee, testimony was taken and it appears that Bailey loaned $30,000 to the bankrupt corporation in 1937, and later received 50 shares of stock from one of the stockholders. In November, 1939, he sold the stock to one Miller, an employee of his, for $5 and immediately thereafter Miller caused himself to be elected Treasurer of the corporation. The Referee held that the evidence showed that Miller held the stock absolutely, and without any secret trust for the benefit of Bailey. He made this finding despite the fact that there was evidence to show that at one time Bailey's claim had been assigned to Miller for the purpose of bringing suit, and then re-assigned to Bailey after a judgment in Miller's favor had been voluntarily vacated. In addition it appeared that the attorney for Bailey had prepared the bankruptcy petition and schedules at Miller's direction and that he shared offices with the attorney for the bankrupt.

Undoubtedly before the amendment of the Bankruptcy Act, the fact that Bailey was a stockholder would not, alone, have disqualified his vote. In re Gloria Vanderbilt-Sonia Gowns, D.C., 26 F.Supp. 766. The disqualification imposed by the amendment is personal (In re Latham Lithographic Corporation, 2 Cir., 107 F.2d 749, 750) and here is dependent upon the fact of stock ownership. The Referee, who had an opportunity to hear and see the witnesses, decided this fact against the contention of the petitioners. His finding is presumptively correct and will be reversed only when the Court is satisfied that error has been committed. In re Singer & Sirotta, D.C., 27 F.Supp. 276. I am not satisfied that there was error in his findings with respect to Miller's ownership of the stock.

The only other objection made by the petitioners relates to the asserted failure of Bailey to prove the value of the security for his claim. It appears that the security was a debt the amount of which was readily ascertainable, and that the proof of claim was verified. I think, therefore, that there was sufficient to indicate the excess of Bailey's claim above the amount of his security, and the Referee's ruling with respect thereto was correct.

No objections have been raised as to the qualifications of the appointee of the Referee, nor has any doubt been cast upon him.

Petition to review is dismissed. Settle order on notice.