## In re AUGHENBAUGH.

### No. 9800.

District Court, M. D. Pennsylvania.
June 29, 1940.

Sidney G. Handler, of Harrisburg, Pa., for claimant.

Arthur Markowitz, of York, Pa., for trustee.

W. Burg Austine, of York, Pa., for wage claimants.

ALBERT W. JOHNSON, District Judge.

The above named voluntary bankrupt in this case was adjudicated on June 15, 1938. Prior thereto and on February 15, 1938, the bankrupt executed a bond and mortgage to Blass-Meyers Manufacturing Co., Inc., for good consideration, which was recorded April 13, 1938. The bankrupt's real estate was sold and out of the proceeds Blass-Meyers (hereafter called the claimant) asserts its mortgage as a priority claim. By direction of the referee, the trustee filed objections to the priority payment to the claimant. The referee took testimony on the issue, and filed an opinion determining that the mortgage given to the claimant was a voidable preference, disallowing it as a priority claim, and allowing it as a general claim only. From this decision the claimant has petitioned this court for review. Argument was heard by the court at Scranton, Pennsylvania, on June 18, 1940.

A preference is a transfer of any of the property of a debtor to or for the benefit of a creditor for or on account of an antecedent debt, made or suffered by such debtor while insolvent and within four months before the filing by him of the petition in bankruptcy, and the transfer is deemed to have been made at the time when it has become so far perfected that no bona-fide purchaser from the debtor and no creditor could thereafter have acquired any rights in the property so transferred superior to the rights of the transferee therein. Bankruptcy Act, sec. 60, sub. a, 11 U.S.C.A. § 96, sub. a.

Any such preference may be avoided by the trustee if the creditor receiving

it or to be benefited thereby has, at the time when the transfer is made, reasonable cause to believe that the debtor is insolvent. Bankruptcy Act, section 60, sub. b, 11 U.S.C.A. § 96, sub. b. A person is deemed insolvent whenever the aggregate of his property shall not at a fair valuation be sufficient in amount to pay his debts. Bankruptcy Act, sec. 1(19), 11 U.S.C.A. § 1(19).

The claimant perfected its lien on April 13, 1938. The question to be determined, therefore, is whether on that date the debtor was insolvent and whether the transferee had reasonable cause to believe that he was so insolvent.

■ After a careful study of the briefs and the notes of testimony in the matter this court decides that the giving of the mortgage and the permitting of it to be recorded within four months prior to bankruptcy did not create a voidable preference. There is nothing in the record from which the referee could fairly conclude that the debtor was insolvent on April 13, 1938, or that the transferee had reason to believe that the debtor was insolvent on that date. The strongest conclusion which can be drawn from the testimony is that on April 13, 1938, the debtor's assets were not sufficiently liquid to pay all his debts at that time, but this is not the test of insolvency prescribed by section 1 of the Bankruptcy Act, 11 U.S.C.A. § 1, quoted above. By reason of this fact, there was no preference at all created, much less a voidable preference. The decision of the referee must be reversed and vacated and the mortgagee's claim allowed as a priority in distributing the funds realized from sale of the debtor's real estate.

■ Presumptively a referee's findings of fact are correct, and they are to be accepted by the judge unless clearly erroneous. General Order 47, 11 U.S.C.A. following section 53, Bankruptcy Act, sec. 30, 11 U.S.C.A. § 53. In this case, the referee's findings are clearly erroneous.

It is therefore ordered that the petition for review be, and the same is hereby, allowed, and the decision of the referee in this matter be, and the same is hereby, reversed and vacated, and the claim of Blass-Meyers Manufacturing Company, Inc., be, and the same is hereby, directed to be, allowed as a priority claim in distributing the funds realized from sale of the bankrupt's real estate.