## In re AUGHENBAUGH.

No. 9800.

District Court, M. D. Pennsylvania.

April 8, 1941.

W. Burg Anstine, of York, Pa., for petitioners.

Sidney G. Handler, of Harrisburg, Pa., for respondent.

## JOHNSON, District Judge.

On June 29, 1940, this court rendered an opinion in the above matter, reversing the decision of the referee in bankruptcy, and allowing a claim of Blass-Meyers Manufacturing Company, Inc., founded upon a mortgage, as a priority claim in distributing the funds realized from sale of the above bankrupt's real estate. Upon petition of counsel for wage claimants the court in its discretion granted a reargument, which was heard in open court at Lewisburg, Pennsylvania, on January 22, 1941.

Counsel for wage claimants takes exception to the finding of this court that there is no evidence that the bankrupt was insolvent on April 13, 1938. Counsel relies on the following facts to establish insolvency on April 13, 1938:

1. The bankrupt owned no more equipment on February 13, 1938 than he owned on June 15, 1938, the date of his adjudication as a bankrupt.

2. The bankrupt owned the same real estate on February 13, 1938 as he did on the date of his adjudication.

3. The proofs of claim disclose that on February 13, 1938 the debtor had obligations amounting to $———. (Blank appears in counsel's brief).

4. Bankrupt's assets sold at judicial sale for $7,471.55.

Counsel argues that because the schedules filed by the bankrupt on June 15, 1938 showed him to be insolvent, he was therefore insolvent on April 13, 1938, by reason of the above-stated facts.

Why, in his above four points, counsel has used the date of February 13, 1938; does not appear, as it has been decided in the former opinion of this court that the material date is April 13, 1938. However, assuming those facts all read "April 13, 1938" wherever "February 13, 1938" appears, and assuming the truth of those statements, counsel has failed to establish insolvency on April 13, 1938. At best, counsel has shown that the bankrupt's assets were the same on April 13, 1938 as on June 15, 1938. He has made no attempt to show that the bankrupt's liabilities were the same on those dates, and it is doubtful if he could do so, as the bankrupt continued to operate his business between April and June, 1938. This fact becomes important when it further appears that the bankrupt's schedules filed on June 15, 1938 showed insolvency of $1,228.80, which might well represent additional liabilities incurred between April 13, 1938 and June 15, 1938 in his business. Counsel, in his brief, left a blank space to indicate the amount of the bankrupt's debts on April 13, 1938. By so doing he has left a similar blank in the proof necessary to establish insolvency of this bankrupt on April 13, 1938.

As pointed out in the former opinion rendered in this case, if insolvency is not proved, no preference at all resulted, much less a voidable preference, hence the wage claimants' position is untenable.

At the reargument, counsel for wage claimants introduced a new element. He argued that the Blass-Meyers Company was dissolved in December, 1939, and hence cannot be in court. He then asks who will get the money which this court has awarded them. Counsel for the company has pointed out that the matter of

214

dissolution is not germane to the question before the court. It is clear from the brief of counsel for the wage claimants that even he admits this corporation was in existence at the time of bankruptcy, June 15, 1938, and while in corporate existence presented and prosecuted its claim. It is well established in Pennsylvania that "corporations have 'the right to institute, maintain and defend suits despite the fact that their charters (have) expired,' or their corporate existence has come to an end by any means whatever." Lebanon v. Alley St. R. Co. v. Michlovitz, 312 Pa. 1, 167 A. 283, 284, and cases there cited. This the company has a right to do, this it has done, and the fact of dissolution in the course of enforcing its claim cannot militate against its recovery if otherwise its claim is established.

For the above reasons it is ordered that the order of this court of June 29, 1940 stand in full force and effect as then rendered.