In the Matter of Oliver W. ARNOLD, Bankrupt.

No. 1407.

United States District Court
W. D. Virginia.
June 29, 1960.

James P. Hart, Jr., Roanoke, Va., for Auto Finance Co.

Lawrence Craddock Musgrove, Roanoke, Va., for trustee.

DALTON, District Judge.

The question before this District Court for consideration is the petition filed by J. D. Martin, Trustee of Oliver W. Arnold, to have an order of the Referee in Bankruptcy set aside which held that a deed of trust dated April 18, 1958, executed by the bankrupt to J. P. Hart, Trustee, securing a debt owed Auto Finance Company, did not constitute a preference and that said Auto Finance was a preferred creditor of the bankrupt, Arnold.

Under the Bankruptcy Act, § 60, sub. a, as amended, 11 U.S.C.A. § 96, sub. a, there are certain statutory elements which must exist in order to have a voidable preference: (1) Transfer by debtor of his property; (2) Creditor only may be preferred; (3) Antecedent debt, diminution of estate necessary; (4) Insolvency of debtor; (5) Within 4 months of filing of petition; and (6) Transfer must enable creditor to obtain

an advantage over other creditors of the same class.

One additional element has been added in subdivision b of Section 60 (11 U.S. C.A. § 96, sub. b). The creditor receiving or to be benefitted by the preference must have reasonable cause to believe that the debtor was insolvent. See Matter of Singer & Sirotta, Inc., D.C.N.Y., 27 F.Supp. 276, 40 Am.Bankr.Rep., N.S., 676, Collier, para. 60.52–60.56.

Absence of any essential element of preferential transfer prevents avoidance of the transfer. Matter of Aughenbaugh, D.C.M.D.Pa.1940, 33 F.Supp. 671, 43 Am. Bankr.Rep., N.S., 120, affirmed D.C., 38 F.Supp. 212, reversed on other grounds, 3 Cir., 1942, 125 F.2d 887. Wrenn v. Citizens' Nat. Bank, 96 Conn. 374, 114 A. 120, 47 Am.Bankr.Rep., (Old Series) 155.

Because of the stipulations and the questions of fact determined by the Referee, the only question open on this review is whether or not the transfer was made for or on account of an antecedent debt. More specifically, the Court's only interest on the review lies in whether or not present consideration passed from the transferee to the transferor of the deed of trust on the property at 114 Wells Avenue, N. W., Roanoke, Virginia. All other elements were either stipulated as present or found as a matter of fact to be present by the Referee.

Therefore, if no present consideration is found, then all the essential elements of a preference are present and the deed of trust from Arnold to J. P. Hart, Trustee, is ineffective as a lien against the real estate and against the proceeds from the sale thereof, and the Auto Finance Company will be adjudged to have only a general claim against the bankrupt's estate.

Auto Finance contends that the transfer was a valid substitution or exchange of a new security for old security and no preference resulted because there was no diminution of the bankrupt's estate and no advantage was thereby secured over other creditors. The Trustee of the bankrupt, on the other hand, contends that the transfer was not a substitution of securities, but rather an entirely different security interest given without consideration for an antecedent debt which did diminish or deplete the bankrupt's estate.

■ The issue involved here is whether the giving up the alleged present right of enforcing payment which was then possessed by Auto Finance in its lien on the duplicate title certificate constituted such a present consideration that a preference is not worked to the extent of such present consideration. The general rule is that present consideration does not necessarily consist of money. Hagan v. M'Niel, 4 Cir., 253 F. 716. It may consist of the substitution of one security for another, or it may be the giving up of value which could have been enforced and secured.

Did Auto Finance have an enforceable secured claim on the automobile by virtue of its lien shown on the duplicate title certificate? The Referee first held in September, 1959, that Auto Finance had no valid lien on the automobile and that Arnold's transfer to them of the deed of trust was not a substitution, but a preference in violation of 11 U.S.C.A. § 96. The Referee later, in November, 1959, after a re-examination of the facts, found that Auto Finance did have a valid lien on the automobile as its lien on the duplicate had been recorded with the Division of Motor Vehicles one day prior to that of Roanoke Industrial Loan and, consequently, that a valid substitution of securities was effected.

The real problem for the determination of this Court is whether Roanoke Industrial Loan or Auto Finance Company had the first lien on the automobile in question. A determination of this issue is a determination of the case. It is certainly true that only one of the parties could have a first lien on the automobile, and it is further true that the second lien on the automobile was worthless.

It appears from the record that Fulton Motor Company sold the automobile to Arnold, the bankrupt; that a certificate of title was applied for, on which the lien was duly shown, and the car financed by Auto Finance Company. After the original certificate of title was received by Auto Finance Company showing the lien, it appears that there was a conversation between the automobile dealer and Auto Finance Company in which Auto Finance Company was erroneously informed that the sale of the car to Arnold was for cash and that no lien should appear on the certificate of title. Therefore, Auto Finance Company released the lien in accordance with law and delivered the title to Arnold.

Thereupon, Arnold, knowingly. and fraudulently, procured a loan from Roanoke Industrial Loan on the strength of holding the original certificate of title to the automobile showing that no lien existed thereon. Roanoke Industrial Loan, relying upon the original certificate of title, made Arnold a loan, and in the ordinary course of business, perfected its lien in the office of the Division of Motor Vehicles of the Commonwealth of Virginia.

Later, Auto Finance discovered its error in releasing the lien, got in touch with Arnold who made application for and obtained a duplicate certificate of title under the provisions of Code Section 46.1–55 upon the ground that the original certificate of title had been lost, after which Auto Finance proceeded to effect its lien (which had been marked satisfied on the original certificate) on the duplicate certificate, and it appears from the records of the Division of Motor Vehicles that the duplicate title certificate was processed and the lien recorded on it one day in advance of the lien of Roanoke Industrial Loan on the original certificate.

Here we have two innocent parties, Roanoke Industrial Loan and Auto Finance, one of whom must suffer financially by reason of the improper acts on the part of the bankrupt. To this Court, it seems only fair and equitable to hold that the one who by his own error, oversight or negligence, placed in motion the means and circumstances that would cause one of the innocent parties to lose, is the one who should bear the loss. Two loans were made on the same automobile and certainly only one could have the first lien; the second lien would be of no value, and holding as we do that Roanoke Industrial Loan had the first lien on the automobile, then Auto Finance did not give up or surrender any security or right of value at the time that the lien on the real estate was taken and, consequently, is not entitled to be a preferred creditor in the distribution of the bankrupt's estate.

Admittedly, this works a hardship on Auto Finance, but it was the act of Auto Finance, although done in good faith, that placed in motion the chain of events that permitted the bankrupt, Arnold, to negotiate a second loan on the same automobile. The Court does not feel that it would be right and proper to now give to Auto Finance a preference to protect the debt that it released in the first instance; to do otherwise would improperly diminish the assets of the general creditors. It would seem to the Court that Auto Finance, having written on the original certificate of title that its claim had been fully paid and released, is now estopped, insofar as Roanoke Industrial Loan is concerned, from asserting the lien. And, Auto Finance Company failing to be able to assert a valid first lien on the automobile, its claim for a preference on the real estate folds and is not effective because there was no valid substitution to justify the preference.

Therefore, the order of the Referee, dated November 12, 1959, insofar as it adjudged the deed of trust on real estate securing the loan to Auto Finance was a preferred claim as against the real estate securing the debt, is reversed and the claim of Auto Finance is held to be that of a general creditor.